FILED

FEB 0 5 2021

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

GARY S. HANN, pro se
Adversary Plaintiff
vtagmail@gmail.com
(175 Butterfield - NO MAIL!)
P.O. Box 711
Cathedral City, CA 92235-0711
734-480-4140

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| IN RE HANN, GARY S.<br><br>          Debtor.<br>_____ | Case No. 6:14-bk-22067-MW<br><br>Chapter 7 |
| GARY S. HANN,<br><br>          ADVERSARY PLAINTIFF<br>AND INTERVENOR OF RIGHT,<br><br>          VS.<br><br>FRANCIS P. SAKAYA, JACQUELINE<br>MBWILLE AS SAKAYA'S WIFE AND<br>PROPERTY MANAGER AND POWER OF<br>ATTORNEY, BABALAO INVESTORS LLC,<br>COLLIS, GRIFFOR & HENDRA, PC,<br>AND STUART M. COLLIS,<br><br>          Defendants. | Adv. No. _____<br><br>COMPLAINT UNDER THIS COURT'S<br>EXCLUSIVE JURISDICTION OVER<br>CORE PROCEEDINGS, FOR<br>INJUNCTIVE AND DECLARATORY<br>RELIEF, FOR DETERMINATION AND<br>CANCELLATION OF WRONGFUL<br>INSTRUMENTS, FOR RELIEF FROM<br>UNLAWFUL TAKINGS OF EXEMPT<br>PROPERTY, AND FOR TURNOVER OF<br>PROPERTY AND MONEY; FRPB<br>7001(1, 2, 7, 9); 11 U.S.C. |

1

157; 362; 502(D); 542 (A, E)
550; ALSO FOR VIOLATIONS OF
DISCHARGE INJUNCTIONS, 11
U.S.C. SECTIONS 524; 727(B).

(STATUS CONFERENCE AND/OR
HEARING DATE TO BE SET BY
SUMMONS AND/OR COURT ORDER)

JURY TRIAL DEMANDED

;

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY

JUDGE, AND ALL INTERESTED PARTIES:

Now comes Intervenor of Right, Adversary Plaintiff and Debtor

Gary S. Hann ("Hann"), who demands a jury trial and who deposes

and says as follows:


**BANKRUPTCY RULE 7008(a) and LBR 7008-1 STATEMENT**

1.   This is a core proceeding by Intervenor of Right and

Adversary Plaintiff and Debtor Hann ("Hann") Pursuant to the

provisions of 28 U.S.C. Section 157, and to FRBP 7008, Hann does

not consent to final orders by this Bankruptcy Court and demands

a District Court Jury Trial after pre-trial matters are concluded

by this Bankruptcy Court.

2

### JURISDICTIONAL STATEMENT

2.  District courts have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). This matter is entirely a core proceeding, because it depends on the Bankruptcy Code for its existence, and could not be brought in another court, 11 U.S.C. Section 157(b)(2)(E, F, I, K); FRBP 7001.

3.  In re Tallerico, 532 B.R. 774 (2015):

> "Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. An objection to a claim of exemption, a proceeding to avoid the fixing of a lien, and a request for an order to turn over property of the estate are all core proceedings that a bankruptcy judge may hear and determine as of right. 28 U.S.C. §§ 157(b)(2)(B), (E) & (K)".

4.  The jurisdiction of bankruptcy courts is nationwide.  From the United States Department of Justice Manual, No. 188 – BANKRUPTCY JURISDICTION – PERSONAL JURISDICTION:

> "1. Because of nationwide service of process authorized by Fed. R. Bankr. P. 7004(d), the minimum contacts doctrine does not apply in bankruptcy proceedings at least with respect to defendant residents of the United States. B.W. Dev. Co. v. *John B. Pike & Son, Inc.*, 49 B.R. 129, 131-32 (Bankr. W.D. Ky. 1985); accord Pongetti v. Laws (In re Self), 51 B.R. 683, 685 (Bankr. N.D. Miss. 1985)".

3

Here, Defendants Sakaya, Mbwille as Power of Attorney for Sakaya, and Babalao filed a claim against Debtor Hann's bankruptcy estate, Exhibit L, Claim No. 5, and thus conferred personal jurisdiction upon this Court.

5.   It is long settled that all partners in a law firm are responsible, under vicarious liability, for wrongful actions or inactions of the partnership, by reason of their relationship to the lead attorney in a specific action, as here.

## PREAMBLE AND STANDING

6.   Intervenor of Right, Adversary Plaintiff and Debtor Gary S. Hann ("Hann") is a 100% disabled retiree, sole owner, funder and beneficiary of the "Exempt Hann Roth IRA" and successor(s) (properly and formally titled: Equity Trust Co. Custodian FBO Gary S. Hann IRA).

7. To establish standing, a Plaintiff must establish injury, causation and redressability. Injury requires a Plaintiff to show that it:

> "Has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must

4

be both real and immediate, not conjectural or hypothetical."

8. Intervenor of Right, Adversary Plaintiff and Debtor has standing to bring this adversary action for injunctive relief, declaratory relief, determination of the extent and priority of the Court's Recorded Certified Order on Avoidance of Real Property Judicial Lien, Docket No. 103, Exhibit J, cancellation of instruments, and wrongful taking of exempt real property. *In re Wagabaza*, Case No. 6:07-bk-17151-MJ, Adversary No. 6:17-ap-01117-MJ United States Bankruptcy Court, C.D. California, Riverside Division. February 9, 2018:

> "These claims for relief are similar in their factual and legal predicate and from this court's perspective, a ruling for Debtor on any one of them would compel a ruling for Debtor on the others".

9. Pursuant to the Court's jurisdiction of this matter as a core proceeding under 28 U.S.C. § 157(b)(2)(I), Hann is the sole beneficiary of the Exempt Hann Roth IRA, which is now in a position as Creditor, for sums wrongfully and fraudulently taken. The rightful Exempt Hann Roth IRA Subject Property was abandoned by the Trustee pursuant to its NDR Report, 02/01/2018, and to its

5

Status Report/Trustee's Report on Debtor's Exemptions on 02/08/2018, Docket No. 66, and pursuant to the Court's closing of the case on 04/11/2018, Docket No. 74. *In re Jensen-Ames*, Bankruptcy No. 10-14185, Adversary No. 10-01684, United States Bankruptcy Court, W.D. Washington, Seattle. March 30, 2011:

> "In this case, Equity Trust Company, as custodian for plaintiffs' IRAs, was the party to each of the relevant agreements at issue.

> "The agreements, however, expressly indicate that Equity Trust Company is operating for the benefit of (e.g. "fbo") both John Gelber and Terry Smith. Therefore, **the Court finds that John Gelber and Terry Smith were the express and intended third-party beneficiaries of the agreements. As such, the plaintiffs have a right to sue to enforce the terms of the agreements.**

> "Because the plaintiffs have such a right, which arose prior to the filing of Ms. Jensen-Ames' bankruptcy, they have a "right to payment" sufficient to support a claim in bankruptcy, thereby making each a creditor. As creditors, plaintiffs have standing to pursue their complaint to determine the dischargeability of the debt".

10. Hann may properly defend his wholly owned Gary S. Hann Exempt Roth Individual Retirement Account, both because he is Intervenor of Right, and per *Appollinari v. Johnson*, 104 Mich.App. 673 (1981): " . where the trustee .. refuses or neglects to bring suit, the beneficiary may sue in equity".

6

11.   Intervenor of Right, Adversary Plaintiff and Debtor, Hann is also a person aggrieved, because he has a substantial pecuniary interest in a securely funded retirement through his IRA; Congress has always expressly declared the intent that retirement funds be reserved for retirement.

12.   Debtor Hann has fully met the qualifications and standards that he be designated Intervenor of Right pursuant to Fed.R.Civ.P. Rule 24, Fed.R.Bankr.P. 7024, based on his detailed pleading, Docket No. 47, and has been so designated by the Court's recent Reopening Order as Intervenor of Right.

13.   Hann brings this action without improper purpose, in good faith and in sincere belief that the claims made are correct, meritorious and predicated on a firm legal foundation, and therefore deserving of full consideration.

14.   Hann further avers that statements of fact herein are true and accurate to the best of his information, knowledge and belief, and that he is fully competent to testify thereto.

15.   Hann has made extraordinary, multiple efforts on the record to request relief from Defendants; state court remedies are

7

unavailable or woefully inadequate to remedy the deprivations and violations for which he seeks relief.

16.    Hann respectfully requests that this Honorable Court not reject this matter for technical or procedural reasons, but rather that this Court either correct such deficiencies sua sponte, or permit Adversary Plaintiff to make such minor technical or procedural changes as may be found from time to time. *Haines v. Kerner*, 404 US 519, 520, 92 S.Ct. 594, 596 (1972).

17.    Hann additionally respectfully reminds the Court, and requests, that he be given any reasonable latitude in accordance with, and as has been mandated by, federal decisions and practice. *Castro v. US*, US No. 02-6683, 124 S.Ct. 786 (2003); *Boswell v. Mayer*, 169 F.3d 384 (6th Cir. 1999), *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

**VENUE**

18.    Venue is appropriately in this Court pursuant to 28 U.S.C. 1391(b)(1) and (2) because this Defendant's claim has been filed and adjudicated in the Central District of California, Exhibits K and S, because Debtor Hann resides in Riverside County,

8

CA, and because all The Subject Roth IRA Owned Property of Hann's Exempt Roth IRA is intangible personal property, situated in this District where Owner Gary S. Hann resides, pursuant to the Michigan Court of Appeals decision on IRAs in *Macatawa Bank v. Wipperfurth*, 294 Mich.App. 617 (2011) ("***the situs of intangible [IRA] assets is the domicile of the owner unless fixed by some positive law.***")

19.  Venue is further appropriate because Intervenor of Right, Debtor and Exempt Hann Roth IRA Beneficiary Hann is a 100% disabled retiree, and would not be able to make numerous difficult trips of about 4,600 miles round trip to any Michigan court for routine hearings.  Debtor Hann expects that Defendants will retain Central District of California counsel and also, that this matter will in all likelihood not come to trial, but will be settled, either on the face of the pleadings by summary disposition, or by an agreement between the parties.

**GENERAL ALLEGATIONS APPLICABLE THROUGHOUT; *ROOKER-FELDMAN***

20. This adversary proceeding has six claims for relief, all turning on the factual background described in the Facts Section:

(1)  Injunctive relief against Defendant's enforcement of its claims against the rightful Subject Exempt Hann Roth IRA Owned Property at 709 Dorset, Ypsilanti, MI 48197, *Lot 207 of South Devonshire Subdivision No. 1, according to the plat thereof as recorded in Liber B of Plats, Page 8, Washtenaw County Records*, including, in particular, prosecuting a fraudulent state court taking of assets proceeding against the non-entity Exempt Hann Roth IRA and its other assets;

(2)  Declaratory relief, for, inter alia, a declaration that Defendants Sakaya et al. had no claim on which to pursue monies and takings of the rightful Exempt Hann Roth IRA Owned Subject Property, because its judicial lien was extinguished by this Court's Recorded Certified Order on Avoidance of Real Property Judicial Lien, Docket No. 103, Exhibit J;

(3)  Determination of the extent, priority and validity of the Sakaya et al. judicial lien such that the recorded fraudulent Sakaya et al. judicial lien, Exhibit M, was void and all instruments recorded as part of the state court counterclaim for monies and for taking of the rightful Exempt Hann Roth IRA Subject

10

Property under the said fraudulent Sakaya et al. judicial lien were void, 11 U.S.C. Section 157(b)(2)(K);

(4) For cancellation of recorded instruments, including the fraudulent recorded Sakaya et al, judicial lien, Notices of Default and the wrongful and fraudulent state court deeds and fraudulent taking of the rightful Exempt Hann Roth IRA Subject Property, 11 U.S.C. Section 157(b)(2)(F); and

(5) For wrongful state court civil counter-suits based filing during the pendency of this proceeding without leave of the Trustee or Court, on this court's determinations, Exhibit J and Discharge Injunction on 04/11/2018, Docket No. 74, that no debt was owed by Hann or by the Exempt Hann Roth IRA to Defendants Sakaya et al., in violation of this Court's orders and discharge injunctions, 11 U.S.C. Section 524, and for complete failure to serve process and/or to seek leave of the trustee prior to filing the state court actions against the Exempt Hann Roth IRA and against Hann personally.

(6) For determination of the liability of the parties under 11 U.S.C. Section 550, and for immediate turnover of the rightful Exempt Hann Roth IRA Subject Property, for costs of about $15,000,

11

and for all lost income of $1,150/month, each compounded monthly

at 15% from the date of petition for relief on 09/27/2014, pursuant

to 11 U.S.C. Section 157(b)(2)(E); 524 (a, e); 550.

21.   The *Rooker-Feldman* doctrine has no application here.

Hann is not seeking to have the bankruptcy court review the merits

of the state court judgment; rather, he is attempting to prevent

the bankruptcy court from giving effect to the state court

judgment:

> "*This claim is not barred by Rooker-Feldman because it does not invite the bankruptcy court to review the state court's handiwork.* Although it is true that Isaacs's initial adversary complaint generally asks for relief from the state-court judgment, this particular claim does not call for "appellate review" of that judgment because the bankruptcy court could hold for Isaacs on this claim without finding any error in the state court's judgment whatsoever. . . . Thus, in entering its foreclosure judgment, the state court determined only whether the lien attached; . . .
>
> This means that the bankruptcy court could accept the state court's judgment as completely correct when entered, yet still rule for Isaacs on the ground that the lien was never perfected. *No Rooker-Feldman problem is presented, then, because the bankruptcy court need not review the state court's judgment at all.* The Supreme Court has emphasized that *Rooker-Feldman* is "a narrow doctrine, confined to `cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance v. Dennis*, 546 U.S.

12

459, 464, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam) (quoting *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517); see also *Skinner v. Switzer*, 562 U.S. 521, 531-32, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011)." 895 F.3d 904 (2018). *IN RE: Linda S. ISAACS, Debtor. Linda S. Isaacs, Plaintiff-Appellant, v. DBI-ASG Coinvestor Fund, III, LLC, Defendant-Appellee.* United States Court of Appeals, Sixth Circuit. Argued: January 24, 2018. Decided and Filed: July 18, 2018.

22.  The use of the term "Without Jurisdiction" herein means a knowing, on the settled record, facial failure of a court to follow the laws and procedures regarding the limits of its authority.

23.  The use of the term "Void" herein with respect to any and all process, pleadings, hearings, orders, judgments, liens, and or attachments, means that the court lacked lawful authority and/or jurisdiction to adjudicate or grant relief in the matter.

24.  Hann alleges all elements of Unjust Enrichment, pursuant to the terms of 11 U.S.C. Section 550, against Defendants Sakaya et al. and Collis, Griffor & Hendra, PC et al., those being:  1) An Enrichment; 2) An Impoverishment; 3)  A Connection Between the Enrichment and the Impoverishment; 4) Absence of a Justification for the Enrichment and Impoverishment; and 5) An Absence of a Remedy provided by the Law; it would be inequitable or

13

unconscionable for the defendant to enjoy the unlawful benefit(s) without paying for them.

25.   Debtor Hann may also recover under § 550 on account of a transfer to be avoided under § 522(h) as either a judicial lien or a non-possessory, nonpurchase-money security interest under § 522(f), which recovery is preserved for the benefit of the debtor to the extent of the debtor's exemption, which exemption in this case is unlimited. 11 U.S.C. §§ 522(i) & 550; cf. *Goswami v. MTC Distrib.* (*In re Goswami*), 304 B.R. 386, 390-91 (9th Cir. BAP 2003)(§ 522(f) elements).

## RECITATION OF INDISPUTABLE FACTS

26.   "Equity Trust Co. Custodian FBO Gary S. Hann IRA" and/or successors is Debtor's Hann's real estate Exempt Roth Individual Retirement Account.

27.   It is well settled that void proceedings and actions may be challenged at any time and in any forum; the *Rooker-Feldman* Doctrine is inapplicable when no review is sought of the actual proceedings and actions, which were always void ab initio. Rather, affirmation of the facial record is sought from this Court. *Fritts v. Krugh*, 354 Mich. 97 (1958):

> ". . . . A "void" judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here, by habeas corpus). No statute of limitations

14

or repose runs on its holdings, the matters thought to
be settled thereby are not res judicata, and years
[354 Mich. 124] later, when the memories may have grown
dim and rights long been regarded as vested any
disgruntled litigant may reopen the old wound and once
more probe its depths. And it is then as though trial
and adjudication had never been. It is no answer to say
that such things cannot happen in a modern society . . . .
it is to this very situation that it is proposed to apply
the most devastating weapon in the entire legal armory,
the doctrine of lack of jurisdiction, of complete
invalidity, of nullity".

28.  All state court proceedings were void ab initio for complete
lack of service on the bankruptcy court and/or trustee and for
complete lack of this Court or the trustee's leave to proceed:

*In re Seong*, 9th Cir. BAP No. CC-19-1244 (2020):
**"*The automatic stay is a critical component of
bankruptcy. It is liberally interpreted and strenuously
enforced*"**. See RESS Fin. Corp. v. Beaumont 1600, LLC (In
re The Preserve, LLC), BAP No. CC-17-1357-LLsTa, 2018 WL
4292023, at *8 (9th Cir. BAP Sept. 7, 2018) (citing
*America's Servicing Co. v. Schwartz-Tallard (In re
Schwartz-Tallard)*, 803 F.3d 1095, 1100 (9th Cir. 2015)
(en banc))".

29.  The non-entity "Equity Trust Co. Custodian FBO Gary S. Hann
IRA" and/or successors is the nominal legal name of Debtor Hann's
real estate Exempt Roth Individual Retirement Account ("Exempt
Hann Roth IRA"), held by a passive Custodian in Elyria, Ohio; the
Custodian makes no decisions whatever regarding the Exempt Hann
Roth IRA, but only follows the legal directives of Gary S. Hann,
the Exempt Hann Roth IRA's Sole Funder and Beneficiary.

30.  Debtor Hann's non-entity Exempt Roth IRA and/or successors is
a self-directed Individual Retirement Account trust formed and
regulated under 26 U.S.C. Sections 408 and 408A of the IRS Code
"for the exclusive benefit of an individual", being intangible
personal property of Gary S. Hann ("Hann"), a California resident.

15

31. On 11/09/2012, Creditors Francis P. Sakaya. Babalao Investors, LLC ("Sakaya et al.") and Jacqueline J. Mbwille as wife, property manager and Power of Attorney, standing in his shoes, during Sakaya's imprisonment from 05/12 to 04/14, Exhibit R, defaulted irrevocably on a contract to purchase the Exempt Hann Roth IRA's real property asset at 709 Dorset, Ypsilanti Township, MI 48198 ("the rightful Exempt Hann Roth IRA Subject Property"), titled to and wholly owned by Equity Trust Co. Custodian FBO Gary S. Hann IRA ("the Exempt Hann Roth IRA"), Debtor Hann's scheduled, exempt Roth Individual Retirement Account. Notice of Land Contract forfeiture, Exhibit N; this left Defendants with no right, title or interest in the rightful Exempt Hann Roth IRA Subject Property under Michigan law.

32. The Tenants of the rightful Exempt Hann Roth IRA Subject Property asset, used as a rental by Creditors Sakaya et al. in the fair value amount of $1,150/month, have been fraudulently demanded monies by and to Creditors Sakaya et al. since their Land Contract Forfeiture, Exhibits I and M, which monies rightfully belonged and belong to the Exempt Hann Roth IRA.

33. On 01/16/2013, Defendant Sakaya et al., by and through Defendants Stuart M. Collis and Collis, Griffor & Hendra, PC, fraudulently recorded a judicial lien ("Sakaya et al. judicial lien"), Exhibit M, against a single family home held in Debtor Hann's Exempt Roth IRA, at 709 Dorset, Ypsilanti, MI 48198, the ("rightful Exempt Hann Roth Subject IRA Property"), legally described as:
**Lot 207 of South Devonshire Subdivision No. 1, according to the plat thereof as recorded in Liber B of Plats, Page 8, Washtenaw County Records.**

34. Hann began a "Complaint for Possession After Land Contract Forfeiture" in the District Court of exclusive state court jurisdiction on 05/06/2014, Exhibit I. On 09/27/2014, Debtor Hann filed the instant Chapter 7 Bankruptcy Petition for Relief, invoking the Bankruptcy Court's exclusive jurisdiction over, and Trustee Anderson's ownership of, all of Debtor Hann's assets.

16

35.   At the time of filing the petition for relief, Debtor Hann's Exempt Roth IRA held 709 Dorset, Ypsilanti, MI 48198, described above, in fee simple absolute, with the apparent exception of the Sakaya et al. judicial lien, which judicial lien this Court has extinguished as of the date of petition for relief.   Exhibit M.

36.   At the time of filing the petition for relief, all of Gary S. Hann's property, "wherever located and by whomever held", became property of the Bankruptcy Estate under the sole jurisdiction of this Court and of Trustee Anderson.   11 U.S.C. Section 541(a).

37.   At the time of petition for relief, Debtor Hann's Exempt Hann Roth IRA 709 Dorset, Ypsilanti MI 49198, described above, in fee simple absolute, with the apparent exception of the Sakaya et. Al. judicial lien, Exhibit M, which was declared "void and unenforceable" as of the filing of the petition for relief, 09/27/2014, Recorded Certified Order on Avoidance of Real Property Judicial Lien, Docket No. 103, and all its purported debts were mandated to be brought only the bankruptcy court as unsecured, non-priority claims; the Sakaya et al. judicial lien no longer existed.

38.   At the time of Defendant's state court countersuit for pre-petition claims filing, there was no debt, and consequently, there was no claim against Hann or against the Exempt Hann Roth IRA Subject Property.   Recorded Certified Order on Avoidance of Real Property Judicial Lien, Docket No. 103, Exhibit J.

> "Section 524 specifies that the discharge voids any preexisting judgment and case law holds that an act in violation of the discharge injunction is void. *In re Gurrola*, 328 B.R. at 171. ***Since the existence of an obligation is necessary to creation of a lien.   [Any] assertion [of debt to pursue a foreclosure] is void under §524 and everything that flows therefrom is also void*"* *Wagabaza*, supra.

39.   On 05/11/2015, during the pendency of Trustee Anderson's ownership of the Exempt Hann Roth IRA, Creditors Sakaya et al. filed a counter claim in the Michigan 14-B District Court No. 14C-

17

1

2

3   1880 (The Exempt Hann Roth IRA's "Complaint for Possession After
Land Contract Forfeiture", Exhibit I), against the Exempt Hann
4   Roth IRA, alleging, inter alia, Tortious Interference, Slander of
Title, Unjust Enrichment and Breach of Contract.   They did not
5   serve the counter-complaint on, or seek leave to proceed from,
Trustee Anderson, who owned the rightful Exempt Hann Roth IRA
6   Subject Property at that time.   The matter was also void ab initio
because under Michigan law, Plaintiff Hann's Exempt Roth IRA is a
7   non-entity that cannot be sued, MCR 2.201(C); MCL 600.2051, and is
completely exempt from levy or execution, MCL 600.6023(1)(j).
8

9   40. On 07/08/2015, again during the pendency of Trustee Anderson's
ownership of the Exempt Hann Roth IRA, Creditors Sakaya et al.
10   fraudulently refiled and again pursued the said counter claims in
Washtenaw Trial Court No. 15-687-CB, which completely lacked all
11   jurisdiction under dispositive Michigan law.   State Court Docket
Report, Exhibit A, page 1.   They did not serve or seek leave from
12   Trustee Anderson, who owned the rightful Exempt Hann Roth IRA
Subject Property at that time.
13

14
41.   On 09/21/2015, Docket No. 16, the Bankruptcy Court closed
15   Hann's bankruptcy case as a no-asset case; all property was
abandoned by Trustee Anderson and returned to Hann.
16

17   42. On or about 01/14/2016, Defendants wrongfully and fraudulently
demanded, and received, from the same void state court proceeding
18   No. 15-687-CB, an unlawful transfer of the rightful Exempt Hann
Roth IRA Subject Property to Defendants Sakaya et al., blatantly
19   contrary to Fed.R.Bkr.Proc. Rule 4003(d).

20
43. In a state court motion hearing in No. 15-687-CB on 03/23/2017,
21   Defendants Collis, Griffor & Hendra, PC et al., declared that they
had discovered Debtor Hann's bankruptcy on 02/28/2017.   State Court
22   Docket Report, Exhibit A, Page 7 to Page 8 of 12, Motion,
Paragraphs 2 to 4.
23

24
44. Defendants Collis, Griffor & Hendra, PC et al. moved for, and
were granted, stay in the state court matter.
25

26                                  18

27

28

1

2

3   45. On 09/08/2017, Defendants Collis, Griffor & Hendra, PC et al.
    filed Claim No. 5 on the instant Claims Register, on behalf of
4   Creditors Sakaya et al., in the amount of $42,890.  Exhibit L.

5   46. Defendants had the lawful opportunity and right to challenge
    the exemption of the Exempt Hann Roth IRA under Fed.R.Bkr.Proc.
6   Rule 4003(d), but did not do so, thus being estopped by record and
    by acquiescence.
7

8   47. Upon Debtor Hann's timely and vigorous objection to the said
    Claim No. 5, Defendants Collis, Griffor & Hendra, PC et al. filed
9   a Response, Docket No. 50, on 10/25/2017, wherein they vigorously
    asserted their fraudulent, purported pre-petition claims for
10  slander of title and tortious interference, Exhibit S.

11  48.  On 11/07/2017, Docket No. 55, Debtor Hann filed an Adversary
12  Action No. 6:17-ap-01226 against Francis P Sakaya, Collis & Griffor
    PC, Griffor Legal, PC, Stuart M Collins, P.C., Beverly Marie
13  Griffor, Babalao Investors LLC, Jacqueline Mbwille, Archie C Brown,
    Laura Goderis; the Court declined to hear the matter when it again
14  closed the case.

15
    49. On or about 01/03/2018, Debtor Hann filed and properly served
16  amended Bankruptcy Schedules, listing a purported debt of $42,890
    to Creditors Sakaya et al., along with significant setoffs and
17  counter claims; this was unchallenged by Creditors Sakaya et al.

18
    50. Defendants had the lawful opportunity and right to challenge
19  the exemption of the Exempt Hann Roth IRA under Fed.R.Bkr.Proc.
    Rule 4003(d), but did not do so, thus being estopped by record and
20  by acquiescence.

21
    51.  On 02/01/2018, Trustee Anderson filed a Report of No
22  Distribution, and followed with a Status Report, Docket No. 66, on
    02/8/2018.
23

24  52. Neither Defendants Collis, Griffor & Hendra, PC et al., nor
    Creditors Sakaya et al., filed any motion for non-dischargeability
25  of their Claim No. 5 in the bankruptcy court, thus being estopped
    from same by record and by acquiescence.
26                                19

27

28

53. Defendant-Creditor Sakaya et al. did not file any objections. On 04/11/2018, Debtor Hann's Chapter 7 case was closed and discharged, the Exempt Hann Roth IRA was abandoned to Debtor Hann, Docket No. 75, and all claims and/or debts as of the date for petition for relief were permanently barred by the Court's discharge injunction, 11 U.S.C. Section 727(b).  All purported pre-petition debts to Defendant Sakaya et al. were discharged, without objection and without payment, as of the 09/27/2014 filing of the petition for relief.

54. On 09/13/2018, Defendants Collis, Griffor & Hendra, PC et al. fraudulently petitioned the state court to reopen Creditors Sakaya et al.'s state court claims previously asserted in its Claim No. 5 on the Claims Register Exhibit L. The state court did wrongfully, fraudulently and in complete absence of all jurisdiction did reopen the matter.  State Court Docket Report, Exhibit A, Page 8 of 12.

55. On 10/25/2018, Debtor Hann filed and argued a state court "Motion to Dismiss Counterclaim Against Gary S. Hann, Pursuant to Counsel Collis' Sworn Statements to the U.S. Bankruptcy Trustee, and to the Bankruptcy Court's Unchallenged No Distribution Report Dismissing Counter-Plaintiff's Claims in their Entirety/Brief in Support/Notice of Hearing/Proof of Service".  Another similar Motion was also made by Hann regarding his Exempt Hann Roth IRA. These Motions was fraudulently denied by the state court.

56. During that hearing, Defendants Collis et. al., on behalf of Defendants Sakaya et al., demanded a determination of non-dischargeability from the state court on their purported but fraudulent claims of slander of title and tortious interference, which determination is under the exclusive jurisdiction of this bankruptcy court, 11 U.S.C. Section 157(b)(2)(I) determinations as to the dischargeability of particular debts; *LTV Steel Co. v. Union Carbide Corp.* (*In re Chateaugay Corp.*), 193 B.R. 669 (S.D.N.Y. 1996) (action to determine dischargeability of CERCLA liability is "core" proceeding); *Martin v. Stoddard* (*In re Stoddard*), 248 B.R. 111 (Bankr. N.D. Ohio 2000).

20

57. On 10/25/2018, the state court fraudulently, and in the complete absence of all jurisdiction, ordered that the state court case on slander of title and tortious interference continue to trial and that all purported pre-petition debt was non-dischargeable. Defendants had been required to petition the Bankruptcy Court for a determination of non-dischargeability of their purported debt in their Claim No. 5 of the Hann Bankruptcy Claims Register, Exhibit L, but did not, and thus were barred by estoppel of record and of acquiescence from asserting non-dischargeability in the state court: 11 U.S.C. Section 523(c)(1):

> **"Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section".**

58. Further and incredulously, the state court, in the complete absence of all jurisdiction, stated explicitly that the "Bankruptcy Court is not superior to this (state) court"!!

59. On 02/15/2019, Docket No. 85, Debtor Hann reopened his Chapter 7 Bankruptcy case to file Lien Avoidance Motions.

60. On or about 03/13/2019, pursuant to the Local Rules, Debtor Hann properly served Creditors Sakaya et al. with a Lien Avoidance Motion, Docket No. 87, and a detailed Notice of Opportunity to be Heard, Docket No. 88.

61. Creditors Sakaya et al. did not respond to the Notice of Opportunity to be Heard; on 03/29/2019, Docket No. 92, Debtor Hann filed a Declaration that No Party Requested a Hearing.

62. On 06/24/2019, at the fraudulent state court trial on slander of title and tortious interference, in the complete absence of all jurisdiction, in which Debtor Hann vigorously objected on the record; Debtor Hann declined to appear in person. Defendants

21

demanded and received a state court default judgment against Debtor Hann, in the amount of about $7,000, Exhibit B, and soon thereafter filed for costs and attorney fees of about $48,000, Exhibit C. Trial Transcript, Exhibit K.

63. On 07/03/2019, Exhibit D, Recorded Certified Order on Avoidance of Real Property Judicial Lien, Docket No. 103, the Bankruptcy Court declared Defendant-Creditor Sakaya et al.'s fraudulent recorded judicial lien void and unenforceable on the Exempt Hann Roth IRA and on its rightful Subject Property asset, and ordered that any claims by Defendant-Creditor Sakaya et al., up to $80,000, be filed as unsecured, nonpriority claims in this bankruptcy matter.

64. On 07/30/2019, Docket No. 108, this Court again closed Debtor Hann's Chapter 7 matter, and pursuant to 11 U.S.C. Section 727(b), discharged all prior claims and/or debts as of the date of the petition for relief; 11 U.S.C. Sections 524; 727(b).

65. Neither Defendants Sakaya et al., nor any other Defendants, pursuant to this Court's 4/11/2018 and 07/30/2019 discharge injunctions, 11 U.S.C. Sections 524; 727(b), have done anything to cause the void Sakaya et al. judicial lien to be removed, to revert the rightful Exempt Hann Roth IRA Subject Property back to the Exempt Hann Roth IRA, or to cause dismissal ab initio with prejudice of the state court case in the complete lack of all jurisdiction, which was wholly based on the said void Sakaya et al. judicial lien. Neither did they revoke their fraudulent claims from their disallowed and fully discharged Claim No. 5, or file their claim(s) as an unsecured, nonpriority claim(s) with this Bankruptcy Court and as ordered by this Court.

66. After the maximum 35 days for appeal, on 08/16/2019, Exhibit A Page 10 of 12, Debtor Hann served the Recorded Certified Order, Docket No. 103, along with his Recorded Certified Amended Schedules and Recorded Certified Bankruptcy Docket, on Defendant Sakaya et al., on the state court proceeding, Washtenaw Trial Court No. 15-687-CB, and on the state court judge.

67. On 08/16/2019, Debtor Hann served and filed a Judicial Notice of his Recorded Certified Bankruptcy Docket, Recorded Certified

Amended Schedules, and Recorded Certified Lien Avoidance order, on the state court docket, on the state court, and on Defendants Sakaya, MbWille, Collis, Griffor & Hendra, PC et al., but both the state court and Defendants refused to honor this Courts explicit injunctions and orders.   State Court Docket Report, Exhibit A, Page 10 to Page 11, of 12.

68. On 08/29/2019, Debtor Hann E-mailed Defendants, demanding compliance with this Court's Recorded Certified Order on Avoidance of Real Property Judicial Lien, Docket No. 103, Exhibit E; Defendants Collis, Griffor & Hendra, PC et al. returned an immediate response with vague and fraudulent assertions that this Court's orders were inapplicable or invalid, and incredulously, that it was actually Debtor Hann who was in violation of this Court's orders, Exhibit F.

69. Creditors Sakaya et al. do not have any right to any claim, because they have not turned over the rightful Exempt Hann Roth IRA Subject Property, or paid the value of the rightful Exempt Hann Roth IRA Subject Property, which is presently in the $100,000 range.   11 U.S.C. Section 502(d).

70. Defendants-Creditors have not dismissed their state court counter complaints with prejudice, pursuant to this Court's 4/11/2018 and 07/30/2019 discharge injunctions, and have not filed their current state court claims of up to $80,000 in this bankruptcy proceeding as unsecured nonpriority claims, the remedy provided by this Court's Recorded Certified Lien Removal Order, Docket No. 103, Exhibit D.

71. Between September and November, 2019, Debtor Hann served additional E-mails and proofs of service of documents, demanding compliance, with no response.

72.  Debtor Hann sent a number of further E-mails on Defendants, demanding compliance with this Court's Docket No. 103, Exhibit J; Defendants refused to comply or to make any settlement offers whatever. On 11/16/2019, Debtor Hann served three Judicial Notices on the state court and on Defendants, attached as Exhibit H, again showing the prior disposition of this entire matter by the

23

adjudications, orders, and injunctions of this Court. They were completely ignored by Defendants. On 11/16/2019, Debtor Hann served this Court's Order to Reopen Case to file Contempt Proceedings, Docket No. 110, on the state court and the parties and all Defendants, along with a final, 2-page detailed demand letter of Debtor Hann's admonition of the truth of this proceeding, Exhibit H.  Debtor did file and serve Contempt proceedings on all Defendants, Exhibit T, which went completely unanswered, but this Court made a decision at that point to abstain.

73. Defendants held a fraudulent state court trial in the complete absence of all jurisdiction, against the Exempt Hann Roth IRA, on 11/25/2019, and entered a judgment of about $52,000, Exhibit G, contrary to this Court's Lien Removal Order which had been read into the record and jurisdiction challenged on the record, Docket No. 103, Exhibit D, and to the Bankruptcy Court's discharge injunctions, 11 U.S.C Section 727(b).  State Court Docket Report, Exhibit A, Page 11 of 12.  Trial Transcript, Exhibit U.

74. There has never been even a hint of a response to Debtor Hann's Chapter 7 filing and this Court's adjudications, orders, and discharge injunctions, from any Defendants, all of whom have become heavily and fraudulently enriched by their unlawful, malicious and fraudulent takings from the Exempt Hann Roth IRA.


**COUNT I – INJUNCTIVE RELIEF SOUGHT AGAINST ALL DEFENDANTS**

75.  Hann incorporates Paragraphs 1 to 74 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction to invoke forthwith the following injunctions:

Enjoin Defendants from operating the rightful Exempt Hann Roth IRA Subject Property at 709 Dorset, Ypsilanti, MI 48198, as a rental property or in any other way or manner, that a Court approved

24

Receiver take over the property, be paid by defendants, and administer any rental income and expenses for the benefit of the rightful Exempt Hann Roth IRA until relieved by the Court.

Enjoin Defendants from transferring or selling any of their property or assets, other than transactions provable as normal course of business.

Enjoin Defendants from proceeding in the fraudulent state court action for admittedly pre-petition purported claims, as of the date of petition for relief, 09/27/2014.

Enjoin Defendants from any claims whatever up to $80,000, and from bringing any pre-petition claims or any claims that flowed from them anywhere but to this Court as unsecured, non-priority claims.

**COUNT II – DECLARATORY RELIEF SOUGHT AGAINST ALL DEFENDANTS**

76.   Hann incorporates Paragraphs 1 to 75 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record and the facts stated herein, to make the following declarations:

Declaration that the defense of discharge in bankruptcy, pursuant to 11 U.S.C. Sections 524; 727(b), is a self-executing, absolute, nonwaivable defense; there was no requirement that the fact of bankruptcy protection be raised in state court.

Declaration that Defendants are culpable of contempt for this Court's orders, discharge injunctions and determinations, and have committed frauds upon this and the state Courts, in some cases by Officer(s) of the Courts.

Declaration that Defendant's 10/25/18 state court demand for an order that their purported and discharged debt to Hann and to the

25

1

2

3 Exempt Hann Roth IRA was non-dischargeable, and the ensuing order granting such purported non-dischargeability by the state court

4 was void and unenforceable for complete lack of all jurisdiction.

5 Declaration that Defendant's filing a state court counter claim on 05/11/2015 was made during Trustee Anderson's ownership of the

6 rightful Exempt Hann Roth IRA Subject Property, and that the entire state court proceeding was thus void ab initio for complete lack

7 of all jurisdiction for failure to serve and receive permission to proceed from Trustee Anderson.

8

9 Declaration that purported pre-petition debt to purported Creditors Sakaya et al. of about $43,000 was fully discharged, and

10 uncollectible, as of the date of petition for relief, 09/27/2014.

11 11 U.S.C. Sections 524; 727(b).

12 Declaration that purported debt stated in Defendant's fraudulent state court judgments was previously fully discharged, and

13 uncollectible, as of the date of petition for relief, 09/27/2014.

14 11 U.S.C. Sections 524; 727(b).

15 Declaration that, pursuant to Recorded Certified Order on Avoidance of Real Property Judicial Lien, Docket No. 103, Exhibit

16 J, there was no Sakaya et al. judicial lien and therefore no debt to collect in the state court action, making that proceeding void

17 ab initio, and to be dismissed ab initio and with prejudice in

18 favor of state court Defendant Equity Trust Co. Custodian FBO Gary S. Hann IRA and/or successor(s).

19

20 Declaration that the state court acted in the complete absence of all jurisdiction by allowing a counterclaim against the non-entity

21 Exempt Hann Roth IRA, because the matter was void ab initio under Michigan law. Plaintiff Hann's Exempt Roth IRA is a non-entity

22 that cannot be sued, MCR 2.201(C); MCL 600.2051, and it is completely exempt from levy or execution, MCL 600.6023(1)(j), and

23 that Defendants unlawfully, maliciously and fraudulently converted

24 Exempt Hann Roth IRA assets to their own use.

25 Declaration that Defendants immediately turn over the rightful Exempt Hann Roth IRA Subject Property to the Exempt Hann Roth IRA

26

26

27

28

and/or successors, that title is fully quieted in fee simple absolute in the Exempt Hann Roth IRA as of the date of the petition for relief, 09/27/2014, and that all Defendants in the chain of title comport with the Court's determinations for recovery of money under 11 U.S.C. Section 550.

Declaration that Adversary Plaintiff and Debtor Hann may further pursue purely state court claims, including but not limited to malicious prosecution of a civil proceeding, violation of the Court's discharge injunctions, slander of title, unlawful conversion, intentional infliction of emotional distress and loss of quality of life in being denied rightful, available retirement funds and income, and violations of the Americans with Disabilities Act, in any other forum with jurisdiction.

**COUNT III – DETERMINATION OF THE EXTENT, PRIORITY AND VALIDITY OF THE SAKAYA ET AL. JUDICIAL LIEN DESCRIBED IN THIS COURT'S RECORDED CERTIFIED ORDER ON AVOIDANCE OF REAL PROPERTY JUDICIAL LIEN, DOCKET NO. 103, SUCH THAT THE STATE COURT TAKING OF THE RIGHTFUL EXEMPT HANN ROTH IRA SUBJECT PROPERTY WAS VOID AB INITIO FOR COMPLETE LACK OF ALL JURISDICTION, AND THAT ALL INSTRUMENTS RECORDED AS PART OF THE VOID STATE COURT JUDICIAL PROCESS WERE ALSO VOID; 11 U.S.C. SECTION 157(b)(2)(K).**

77.   Hann incorporates Paragraphs 1 to 76 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record and the facts stated herein, that:

78.   This Court has previously ordered that the Sakaya et al. judicial lien, pursuant to Recorded Certified Order on Avoidance of Real Property Judicial Lien, Docket No. 103, is "void and

27

unenforceable" as of 09/27/2014, The date of the petition for

relief, and that all claims by Defendant Sakaya et al. be brought

to this Court as unsecured, non-priority claims.

79. As a result of the void and unenforceable Sakaya et al.

judicial lien, the state court counterclaim proceeding for money

and property which relied on it, and all subsequent transfers,

takings and profits thereto that flowed from it, were void ab

initio for complete lack of all jurisdiction.

80. Debtor Hann seeks the immediate voiding and dismissal of

all state court proceedings with prejudice ab initio for complete

lack of all jurisdiction, the full rescission of any and all state

court actions or inactions, and for immediate return of the

rightful Exempt Hann Roth IRA Subject Property or cash equivalent

at either the most recently available value of $100,000, or the

appraised value on the date of the Recorded Certified Order on

Avoidance of Real Property Judicial Lien, Docket No. 103, whichever

is higher.


**COUNT IV – FOR CANCELLATION OF RECORDED INSTRUMENTS, INCLUDING THE
SAKAYA ET AL. JURIDICIAL LIEN, ANY FRAUDULENT NOTICES OF DEFAULT
AND/OR FRAUDULENT DEEDS, ALONG WITH ANY OTHER FRAUDULENT
INSTRUMENTS TRANSFERRING ANY INTEREST IN THE RIGHTFUL EXEMPT HANN**

28

1

2

**ROTH IRA SUBJECT PROPERTY TO ANYONE BUT THE EXEMPT HANN ROTH IRA;**

3   **11 U.S.C. SECTION 157(b)(2)(F).**

4      81.   Hann incorporates Paragraphs 1 to 80 of this Complaint

5

6   as though fully set forth herein; Hann respectfully petitions this

7   Court of exclusive jurisdiction, pursuant to the settled record

8   and the facts stated herein, that:

9      82.   As noted in the FactS Section, Paragraphs 26 to 74, and

10  arguments herein, Defendant Sakaya et al.'s state court proceeding

11  taking monies and taking the rightful Exempt Hann Roth IRA Subject

12
    Property, was void ab initio for complete lack of all jurisdiction,
13
    and that anything that flowed from it was equally void.
14

15     83.   Debtor Hann respectfully requests that the Court cancel

16  and deem void and unenforceable, all instruments with respect to

17  the Defendant's wrongful state court counter claim proceeding

18
    against the rightful Exempt Hann Roth IRA Subject Property, from
19
    the date of the petition for relief, 09/27/2014.
20

21

22  **COUNT V – FOR WRONGFUL STATE COURT COUNTER CLAIM PROCEEDING
    TRANSFERRING THE RIGHTFUL EXEMPT HANN ROTH IRA SUBJECT PROPERTY TO**
23  **DEFENDANTS, BASED ON THIS COURT'S RECORDED CERTIFIED ORDER ON
    AVOIDANCE OF REAL PROPERTY JUDICIAL LIEN, DOCKET NO. 103, EXHIBIT**
24  **J; THE SAKAYA ET AL. JUDICIAL LIEN BEING EXTINGUISHED BY THIS COURT
    AS OF THE DATE OF THE PETITION FOR RELIEF, 9/27/2014; 11 U.S.C.**
25  **SECTION 157(b)(2)(E).**

26                                    29

27

28

84.    Hann incorporates Paragraphs 1 to 83 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record and the facts stated herein, that:

85.    As noted in the Facts Section above, the Sakaya et al. judicial lien, recorded on 01/16/2013, Exhibit M, was deemed "void and unenforceable" by this Court's Recorded Certified Order on Avoidance of Real Property Judicial Lien, Docket No. 103, Exhibit J.

86.    Defendants Stuart M. Collis and Collis, Griffor & Hendra, PC could easily have checked the nationwide data bank on legal filings, which has often been done by other attorneys, and which capability all law firms have access to, but did not do so, and therefore proceeded at their, and their client Sakaya et al.'s, own peril.

87.    At the time of Defendant's state court counter claim filing on or about May 11, 2015, there was no debt, and consequently, there was no claim.  Recorded Certified Order on Avoidance of Real Property Judicial Lien, Docket No. 103, Exhibit J.

30

"Section 524 specifies that the discharge voids any preexisting judgment and case law holds that an act in violation of the discharge injunction is void. *In re Gurrola*, 328 B.R. at 171. **Since the existence of an obligation is necessary to creation of a lien. [Any] assertion [of debt to pursue a foreclosure] is void under §524 and everything that flows therefrom is also void**" *Wagabaza*, supra.

88.   The subsequent transfer of the rightful Exempt Hann Roth IRA Subject Property and all that flowed from it were therefore void.

89.   Hann therefore requests agreement of the parties, or a determination by the Court, that Defendant Sakaya et al.'s filing and proceeding in state court to take the rightful Exempt Hann Roth IRA Subject Property was void ab initio for complete lack of all jurisdiction, and all the flowed from it was also void.

**COUNT VI - FOR DETERMINATION OF THE LIABILITY OF THE PARTIES UNDER 11 U.S.C. SECTION 550, AND FOR IMMEDIATE TURNOVER OF THE RIGHTFUL EXEMPT HANN ROTH IRA SUBJECT PROPERTY, 11 U.S.C. SECTION 542 (a, e), AND OF ANY MONIES UNJUSTLY AND/OR FRAUDULENTLY ENRICHED BY EACH AND EVERY PARTY SO ENRICHED, PURSUANT TO 11 U.S.C. SECTION 157(b)(2)(E); 11 U.S.C. SECTION 542(a, e); 11 U.S.C. SECTION 550.**

90.   Hann incorporates Paragraphs 1 to 89 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record

and the facts stated herein, that:

The fair market rent for the rightful Exempt Hann Roth IRA Subject Property is $1,150/month; Plaintiff-Debtor Hann's Roth IRA yield has been 15%. From 09/27/2014 to the present, at 15% compounded monthly, the rental amount due the Exempt Hann Roth IRA is presently $141,569.

Plaintiff-Debtor Hann has paid about $15,000 in fees and costs, compounded @ 15% annually, is $34,696.

91.   Because the Trustee has abandoned the Exempt Hann Roth IRA to Debtor Hann as of the closing of the case, and because Hann is Intervenor of Right and asserts blatant violation of the Court's discharge injunctions, 11 U.S.C. Sections 524; 727(b), Hann demands turnover of the rightful Exempt Hann Roth IRA Subject Property, 11 U.S.C. Section 157(b)(2)(E), 542(a, e), the quieting of title in fee simple absolute as of the date of petition for relief, 09/27/2014, and the immediate return of lost rents and costs determined as unjust enrichment and/or unlawful conversion under 11 U.S.C. Section 550 by agreement of the parties or by a competently selected jury, to the Exempt Hann Roth IRA whose exemption is unlimited, plus interest & costs, all compounded @15%

32

monthly.

**RELIEF REQUESTED**

92.   Intervenor of Right and Adversary Plaintiff and Debtor

Hann respectfully and urgently requests that:

a) the Court expeditiously grant the injunctive and declaratory

relief requested; and

b) the Court quiet the title of the rightful Exempt Hann Roth IRA

Subject Property herein described, and declare Equity Trust Co.

Custodian FBO Gary S. Hann IRA and/or successor(s) as fee simple

absolute owner, precisely as it was as of the moment of filing the

petition for relief, 09/27/2014; and

c) the Court order that Defendants immediately return possession

and completely control of the rightful Exempt Hann Roth IRA Subject

Property herein described, 11 U.S.C. Section 542(a, e), and the

fair value of all rents and profits made as a result of their

ongoing fraud and unlawful conversion of fraudulent profits and/or

income and unlawful and fraudulent purported ownership of the

Property, all to its rightful owner, the Exempt Hann Roth IRA,

33

"Equity Trust Co. Custodian FBO Gary S. Hann IRA" and/or

successors; and

d) the Court vacate and dismiss Defendant's state court counter

claim proceeding and transfer of the rightful Exempt Hann Roth IRA

Subject Property proceeding ab initio with prejudice, and cancel

all documents and instruments that flowed from it; and

e) All parties serve any and all proceedings, pleadings and

documents by receipted E-mail; and

f) Defendants submit to a jury trial for a determination of their

lawful monetary obligations under 11 U.S.C. Section 550 to Debtor

Hann's Exempt Roth IRA and/or successors, including but not limited

to monthly compounding @15% of:

Lost fair market rent @$1,150/monthly from 09/27/2014 being about

$141,569 compounded as of this date;

Original costs of about $15,000, thus totaling about $34,696

compounded as of this date;

All having been compounded @15% monthly which is the rate Plaintiff

Hann has been earning in his Exempt Hann Roth IRA.

34

PROOF OF SERVICE


Dated this 5th day of February, 2021; Served today with Adversary

Cover Sheet and Exhibits A to U by electronic transmission on

the Central District of California – Riverside Clerk to the

Court's electronic drop box.


*Gary S. Hann*
_____
Gary S. Hann, INTERVENOR OF
RIGHT AND PLAINTIFF-DEBTOR

35

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back

Location  22nd Circuit Court   Search Help

# REGISTER OF ACTIONS
## CASE NO. 15-000687-CB

| | | |
|---|---|---|
| Equity Trust Co. Custodian FBO Gary S. Hann IRA et al vs Babalao Investors et al | § § § § § § § | Case Type: **Business Court (CB)**<br>Date Filed: **07/08/2015**<br>Location: **Civil**<br>Judicial Officer: **Brown, Archie C.** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | Babalao Investors | **Stuart M. Collis**<br>*Retained*<br>734-827-1337(W) |
| **Defendant** | Sakaya, Francis P | **Stuart M. Collis**<br>*Retained*<br>734-827-1337(W) |
| **Plaintiff** | Equity Trust Co. Custodian FBO Gary S. Hann IRA | **Pro SeHugo J. Mack**<br>*Retained*<br>(734) 434-0622(W) |
| **Plaintiff** | Hann, Gary | **Pro Se** |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 07/08/2015 | **Complaint**<br>*for Possession after Land Contract Forfeiture* |
| 07/08/2015 | **Summons Issued (Summons and Complaint)** |
| 07/08/2015 | **Summons** |

| | | | |
|---|---|---|---|
| | Babalao Investors | Served | 07/08/2015 |
| | Sakaya, Francis P | Served | 07/08/2015 |

| | |
|---|---|
| 07/08/2015 | **Proof of Service - Summons and Complaint (ACK or Personal)**<br>*Personal Svc to Attny* |
| 07/08/2015 | **Answer to Complaint**<br>*Affirmative Defenses to Pltf's Complaint and Counter Claim* |
| 07/08/2015 | **Stipulation**<br>*and Order to Adjourn Hearing* |
| 07/08/2015 | **Notice to Appear** |
| 07/08/2015 | **Stipulation**<br>*and Order to Adjourn Hearing* |
| 07/08/2015 | **Stipulation**<br>*and Order to Adjourn Hearing* |
| 07/08/2015 | **Notice to Appear** |
| 07/08/2015 | **Stipulation**<br>*and Order to Adjourn Hearing* |
| 07/08/2015 | **Document**<br>*Initial Settlement Leading to Revised Land Contract and Dismissal* |
| 07/08/2015 | **Motion**<br>*to Withdraw as Pltf Counsel* |
| 07/08/2015 | **Notice of Hearing** |
| 07/08/2015 | **Proof of Mailing** |
| 07/08/2015 | **Proof of Mailing**<br>*of Executed Order Permitting Withdrawal* |
| 07/08/2015 | **Order**<br>*Permitting Withdraw as Pltf Counsel* |
| 07/08/2015 | **Proof of Mailing** |
| 07/08/2015 | **Answer**<br>*and Vigorous Objection to Motion to Withdraw as Pltf Counsel* |
| 07/08/2015 | **Answer**<br>*to Deft's "Answer to Motion to Show Cause"* |
| 07/08/2015 | **Motion**<br>*to Reinstate and for Determination of Amount Owing on Land Contract* |
| 07/08/2015 | **Notice of Hearing** |
| 07/08/2015 | **Proof of Service** |
| 07/08/2015 | **Ex Parte Motion**<br>*to Bring Gary S. Hann to all Hearings and Proceedings in this Matter by Telephonic Connection Pursuant to MCR 2.402* |
| 07/08/2015 | **Order**<br>*on Motion to Reinstate and for Determination of Amount Owing on Land Contract* |
| 07/08/2015 | **Notice to Appear** |
| 07/08/2015 | **Amended Document**<br>*First Amended Complaint* |

9/9/2019, 2:01 PM

| | |
|---|---|
| 07/08/2015 | **Answer to Complaint**<br>*Affirmative Defenses and Counterclaim* |
| 07/08/2015 | **Proof of Service** |
| 07/08/2015 | **Answer**<br>*to First Amended Complaint and Affirmative Defenses* |
| 07/08/2015 | **Motion**<br>*for Transfer of Actions* |
| 07/08/2015 | **Notice of Hearing** |
| 07/08/2015 | **Proof of Service** |
| 07/08/2015 | **Notice to Appear** |
| 07/08/2015 | **Order**<br>*on Motion to Transfer Actions (granted)* |
| 07/08/2015 | **Document**<br>*Register of Actions from 14B District Court* |
| 07/08/2015 | **Notice**<br>*of Receipt of Change of Venue/Transferred Case* |
| 07/29/2015 | **Motion**<br>*A) for Telephonic Connection to All Proceedings  B) for Superintending Control, C) to add Parties and Amend the Pleadings Thereto, D) to Declare that Defts have lost Possession and/or to Assign Rents and/or Appoint Receiver, E) for Security Costs, F) for Defts to Produce Insurance Policy, G) to Require an Actual and more Definite Statement of Deft's Purported Counterclaims, H) for Immediate Payment of $2,500 prior Attorney's Fees Pursuant to MCR 4.002 (C.D), I) to Validate the Promissory Note and Binding Contract for Deed* |
| 08/03/2015 | **Answer**<br>*to Pltf Mot for Order (A) for Telephonic Connection to All Proceeding, (B) for Superintending Control, (C) to Add Parties & Amend Pleadings Thereto, (D) Declare Defts Have Lost Poss & to Assign Rents and/or Appoint Received, (E) Security for Costs, (F) Defts to Produce Insurance Policy, (G) Require Actual & More Definite Statement of Deft Purported Counterclaims, (H) For Immediate Pmy of $2500 Prior Atty Fees, (I) Validate Promissory Note & Binding Contract for Deed* |
| 08/03/2015 | **Proof of Service** |
| 08/04/2015 | **Default Request, Affidavit, and Entry** |
| 08/05/2015 | **Motion Hearing**  (1:30 PM) (Judicial Officer Swartz, David S.)<br>*Pltf/Motion for Telephonic Connection, for Superintending Control, to Add Parties and Amend. To Declare etc*<br>Result: Adjourned |
| 08/05/2015 | **Scheduling Conference**  (10:40 AM) (Judicial Officer Swartz, David S.)<br>Result: Adjourned |
| 08/10/2015 | **Motion**<br>*to Strike Pleading and to Prevent Gary Hann from Filing Further Pleadings or Other Documents on Behalf of Equity Trust Co* |
| 08/10/2015 | **Notice of Hearing** |
| 08/10/2015 | **Proof of Service** |
| 08/12/2015 | **Motion Hearing**  (1:30 PM) (Judicial Officer Swartz, David S.)<br>*Pltf/Motion for Telephonic Connection  for Superintending Control, to Add Parties & Amend, To Declare, etc adj 8/5 Deft/Motion to Strike Pleadings and Prevent Gary Hann from Filing Further Pleadings or Other Documentation on Behalf of Equity Trust*<br>Result: Held |
| 08/12/2015 | **Reassignment Order**<br>*From Swartz to Brown (sgd 08 12 15)* |
| 08/12/2015 | **Order**<br>*Gary Hann in enjoined from Filing any Pleadings on Behalf of Equity Trust but may File Pleadings on his own Behalf as Party Pltf (sgd 08 12 15)* |
| 08/12/2015 | **Answer**<br>*to Deft's Motion to Strike Pleadings/ Notice of Hearing/ Proof of Service* |
| 08/19/2015 | **CANCELED  Status Conference**  (3:00 PM) (Judicial Officer Swartz, David S.)<br>*Reassignment  Event Canceled* |
| 09/17/2015 | **CANCELED  Scheduling Conference**  (11:20 AM) (Judicial Officer Swartz, David S.)<br>*Reassignment  Event Cancelled* |
| 09/18/2015 | **Order for Initial Court Conf and Sched Conf Dates**<br>*(sgd 09/15/15)* |
| 09/18/2015 | **Order for the Assignment to the Specialized Business Docket**<br>*(sgd 09/15/15)* |
| 09/30/2015 | **Order**<br>*for modification of case code (sgd 09/30/15)* |
| 10/26/2015 | **Ex Parte Motion**<br>*to Bring Gary S. Hann to November 5, 2015 Hearing in this Matter by Telephonic Connection Pursuant to the Americans with Disability Act (ADA) and to MCR 2.402 / Proof of Srvc* |
| 10/26/2015 | **Motion**<br>*to Hear Plaintiff's July 29, 2015 Motion with Amendments/ Notice of Hearing/ Proof of Service* |
| 11/04/2015 | **Proof of Service** |
| 11/04/2015 | **Answer**<br>*to Pltf's Motion (A) to Hear Pltf's July 29, 2015 Motion with Amendments, (B) to Enjoin Defts from Taking Funds from or Making Claims Against IRA Assests and to Return Assets to the IRA  and (C) to Remove Matter from Business Court Docket* |
| 11/05/2015 | **Motion Hearing**  (1:30 PM) (Judicial Officer Brown, Archie C.)<br>*Pltf/Motion for Telephonic Connection to Hearing, Motion to Hear Prior Motion  Motion to Remove Matter, Motion to Enjoin Defendants*<br>Result: Adjourned |
| 11/10/2015 | **Order**<br>*on request for ADA Accommodations (sgd 11/06/15)* |
| 11/17/2015 | **Renotice of Hearing**<br>*Originally Scheduled for November 5, 2015* |
| 11/17/2015 | **Document**<br>*Business Court Disclosures for Hearing on January 14, 2016/ Proof of Service* |
| 11/17/2015 | **Answer**<br>*to Plaintiff's Motion (A) to Hear Plaintiff's July 29, 2015 Motion with Amendments (B) to Enjoin Defendants From Taking Funds From or Making Claims Against IRA Assets and to Return Assets to the IRA and (C) to Remove Matter from Business Court Docket* |
| 12/07/2015 | **Proof of Service** |
| 12/07/2015 | **Request**<br>*First Request for Admissions To Plaintiff Gary S. Hann* |
| 12/07/2015 | **Request**<br>*(First) for Admissions to Plaintiff Equity Trust Co. Custodian FBO Gary S. Hann IRA* |
| 12/15/2015 | **Motion**<br>*for Leave to Amend Defendants' First Responsive Pleading* |

9/9/2019,  2:01 PM

| | |
|---|---|
| 12/15/2015 | Proof of Service |
| 12/15/2015 | Notice of Hearing |
| 12/15/2015 | Motion |
| | *to Enter Default Judgment Against Equity Trust Co* |
| 12/15/2015 | Motion |
| | *for Summary Disposition Pursuant to MCR 2 116(C)(5), MCR 2 116(C)(8), and MCR 2 116(C)(10)* |
| 12/15/2015 | Brief |
| | *In Support of Motion for Summary Disposition Pursuant to MCR 2 116(C)(8) and MCR 2 116(C)(10)* |
| 01/04/2016 | Transcript |
| | *Plaintiff's Motions heard on August 5, 2015, 9 pages* |
| 01/04/2016 | Transcript |
| | *Plaintiff's Motion Regarding Jurisdiction/ Heard on August 12 2015  14 pages* |
| 01/11/2016 | Answer |
| | *to Motion & Vigorous Objection to Oppressive Discovery/ Proof of Service* |
| 01/14/2016 | Initial Court Conference  (3 00 PM) (Judicial Officer Brown  Archie C ) |
| | *Per 9/15 Signed Order Adj from 1/7 Per 11/8 Email from LG* |
| | *01/07/2016 Reset by Court to 01/14/2016* |
| | Result  Held |
| 01/14/2016 | Motion Hearing  (3 00 PM) (Judicial Officer Brown  Archie C ) |
| | *Adj from 11/5, Deft/ Motion to Amend Pleadings  Enter Default Judgment  Summary Disposition* |
| | Result  Held |
| 01/14/2016 | Document |
| | *Pretrial Disclosure Pursuant to Local Administrative Order 2013-01 J* |
| 01/15/2016 | Motion |
| | *to Deem Requests for Admissions Admitted and Compel Answers* |
| 01/15/2016 | Proof of Service |
| 01/19/2016 | Default Judgment |
| | *to quiet title in favor of deft/counter plaintiff Babalao Investors LLC (sgd 01/14/16)* |
| 01/19/2016 | Order |
| | *(sgd 01/14/16)* |
| 01/19/2016 | Order |
| | *(sgd 01/14/16)* |
| 01/19/2016 | Order After Initial Court Conference |
| | *(sgd 01/14/16)* |
| 01/20/2016 | Notice of Hearing |
| 01/25/2016 | Proof of Service |
| 01/26/2016 | Motion |
| | *(A) Fraud on the Court and the Parties by Defts and Court Officer Stuart Collis; (B) the Court is without Jurisdiction over the Matter Pursuant to MCR 4.002 (C); (C) the Court is without Jurisdiction over Deft's and Officer of the Court Collis' Blatantly Fraudulent Counterclaim; (D) the Court is without Jurisdiction to Allow thr Pltf IRA Trust to be sued or to Enter Judgement, (E) Defts have long Forfeited and Possessory Interest in 709 Dorset and are Estopped from any Claim Whatever  and (F) the Court Lacked Lawful Authority to hear and decide Deft's Faulty Summary Disposition Motions with Concurrence Requested and without a Hearing determining where there have been no damages/ Proof of Service* |
| 01/28/2016 | Appearance |
| 01/28/2016 | Motion |
| | *for Clarification and for Equitable Relief Regarding the Personal Legal Rights and Monetary Interests of Plaintiff  Counter-Defendant and Aggrieved Party Gary S  Hann/ Notice of Hearing/ Proof of Service* |
| 02/01/2016 | Brief |
| | *in Answer to Plaintiff's Motions* |
| 02/01/2016 | Proof of Service |
| 02/01/2016 | Answer |
| | *A) Fraud on the Court and the Parties by Defts and Court Officer Stuart Collis, (B) the Court is without Jurisdiction over the Matter Pursuant to MCR 4.002 (C): (C) the Court is without Jurisdiction over Deft's and Officer of the Court Collis' Blatantly Fraudulent Counterclaim, (D) the Court is without Jurisdiction to Allow thr Pltf IRA Trust to be sued or to Enter Judgement, (E) Defts have long Forfeited and Possessory Interest in 709 Dorset and are Estopped from any Claim Whatever  and (F) the Court Lacked Lawful Authority to hear and decide Deft's Faulty Summary Disposition Motions with Concurrence Requested and without a Hearing determining where there have been no damages* |
| 02/01/2016 | Answer |
| | *to Plaintiff's Motions for Clarification and For Equitable Relief Regarding the Personal Legal Rights and Monetary Interests of Plaintiff, Counter-Defendant and Aggrieved Party Gary S  Hann* |
| 02/02/2016 | Answer |
| | *to Requests for Admissions and Interrogatories From Equity Trust Co  Custodian FBO Gary S Hann IRA, and Gary S  Hann/ Proof of Service* |
| 02/04/2016 | Motion Hearing  (1:30 PM) (Judicial Officer Brown, Archie C ) |
| | *Deft/Motion to Compel and Deem Admitted, My Personal Property IRA/Motions A Through F Regarding Jurisdiction and Frauds; Pltf/Motion for Clarification and Equitable Relief* |
| | Result  Held |
| 02/05/2016 | Order |
| | *Denying Motion for Clarification and for Equitable Relief Regarding the Personal Legal Rights and Monetary Interests, et al (sgd 02 04 16)* |
| 02/05/2016 | Order |
| | *Denying Motions (A) Fraud on the Court and the Parties by Defts and Officer of the Court Stuart Collis  (B) et al (sgd 02 04 16)* |
| 02/05/2016 | Order |
| | *(sgd 02/04/16)* |
| 02/05/2016 | Document |
| | *Complaint/ Proof of Service* |
| 02/24/2016 | Proof of Service |
| 02/24/2016 | Answer to Complaint |
| | *with Affirmative Defenses and CounterClaim* |
| 02/29/2016 | Document |
| | *Filed by Plaintiff* |
| 03/02/2016 | Notice |
| | *of Lis Pendens* |
| 03/09/2016 | Notice |
| | *of Lis Pendens* |
| 03/09/2016 | Amended Document |
| | *First amended complaint of right/proof of service* |

9/9/2019, 2:01 P

| | |
|---|---|
| 03/10/2016 | **Scheduling Conference** (9:15 AM) (Judicial Officer Brown, Archie C.) |
| | *Per 9/15 Signed Order* |
| | Result: Held |
| 03/10/2016 | **Scheduling Order** |
| | */ Pre Trial (Sgd 3-10-16)* |
| 03/10/2016 | **Notice of Hearing** |
| 03/10/2016 | **Motion** |
| | *for Summary Disposition Pursuant to MCR 2.116(C)(5), MCR 2.116(C)(8), and MCR 2.116(C)(10)* |
| 03/10/2016 | **Brief** |
| | *in Support of Motion for Summary Disposition Pursuant to MCR 2.116(C)5, MCR (C)(8) and MCR 2.116(C)(10)* |
| 03/15/2016 | **Answer** |
| | *to 4th or 5th Rehashing of Vague Counterclaim* |
| 03/23/2016 | **Default Request, Affidavit, and Entry** |
| 03/23/2016 | **Proof of Service** |
| 03/23/2016 | **Answer** |
| | *to Plaintiff Gary Hann's First Amended Complaint of Right* |
| 03/28/2016 | **Default Request, Affidavit, and Entry** |
| 04/05/2016 | **Answer** |
| | *to Wrongful Motion for Summary Disposition/ Proof of Service* |
| 04/08/2016 | **Proof of Service** |
| 04/08/2016 | **Renotice of Hearing** |
| 04/08/2016 | **Motion for Summary Disposition** |
| | *Pursuant to MCR 2.116(C)(5), MCR 2.116(C)(8) and MCR 2.116 (C)(10) (First Amended)* |
| 04/08/2016 | **Brief** |
| | *in support of first amended motion for summary disposition pursuant to MCR 2.116 (C)(5) MCR 2.116 (C)(8) and MCR (C)(10)* |
| 04/13/2016 | **Motion** |
| | *(A) To Set Aside Default Filed Against Gary S Hann for Unknown Reason(s) and Prohibit Defts from Filing Further Defaults or from Deleting Sakaya as a Deft; et al* |
| 04/21/2016 | **Objections** |
| | *to Gary Hann's Motions. Including Summary Disposition. Set for April 28, 2016* |
| 04/21/2016 | **Proof of Service** |
| 04/27/2016 | **Order** |
| | *Regarding Pltfs Motions. (A) To Set Aside Default Filed Against Gary S Hann for Unknown Reason(s) and Prohibit Defts from Filing Further Defaults or from Deleting Sakaya as a Deft; et al (sgd 04 25 16)* |
| 04/28/2016 | **Motion for Summary Disposition** (3:00 PM) (Judicial Officer Brown, Archie C.) |
| | *Pltf Motion for Summary Disposition in Favor of Pltfs and Various Preliminary Motions* |
| | Result: Dismissed |
| 05/05/2016 | **Proof of Service** |
| 05/05/2016 | **Renotice of Hearing** |
| 05/11/2016 | **Objections** |
| | *(Vigorous) and Answer to Motion/ Answer to Wrongful Motion for Summary Disposition/ Proof of Service* |
| 05/12/2016 | **Motion for Summary Disposition** (1:30 PM) (Judicial Officer Brown, Archie C.) |
| | *Defts Motion for Summary Disposition. Adj from 5/5* |
| | *04/07/2016 Reset by Court to 05/05/2016* |
| | *05/05/2016 Reset by Court to 05/05/2016* |
| | *05/05/2016 Reset by Court to 05/05/2016* |
| | *05/05/2016 Reset by Court to 05/12/2016* |
| | Result: Held |
| 05/16/2016 | **Order** |
| | *granting defts' first amended motion for summary disposition pursuant to MCR 2.116(C)(5) MCR 2.116(C)(8) and MCR 2.116(C)(10) (sgd 05/12/16)* |
| 05/26/2016 | **Notice of Filing of Transcript and Affidavit of Mailing** |
| 05/26/2016 | **Transcript** |
| | *Motion Hearing held on 2-4-16. 36 pages* |
| 05/26/2016 | **Transcript** |
| | *Motion Hearing. Held on 1-14-16. 38 pages* |
| 05/27/2016 | **Proof of Service** |
| 06/01/2016 | **Brief** |
| | *in Support of Their Motion for Reconsideration* |
| 06/01/2016 | **Motion** |
| | *for Reconsideration* |
| 06/01/2016 | **Proof of Service** |
| 06/01/2016 | **Witness List** |
| 06/01/2016 | **Witness List** |
| | */ Proof of Service* |
| 06/16/2016 | **Motion** |
| | *(Timely) and Brief to Set Aside Fraudulently Filed Default of the IRA, and for Relief from Void Judgment for Fraud and Lack of Jurisdiction Pursuant to MCR 2.612 (C), and/or for Order to Show Cause and/or Mandatory Hearing to Establish Substantial Damages* |
| 06/16/2016 | **Motion** |
| | *and Brief to Compel Discovery Pursuant to MCR 2.313 (2) and to Deem Requests for Admissions Admitted if not Served by June 28 2016* |
| 06/20/2016 | **Response** |
| | *to plaintiff Hann's motion to set aside fraudulently filed default of the IRA and for relief from void judgment for fraud and lack of jurisdiction pursuant to mcr 2.612(C) and/or for order to show cause and/or mandatory hearing to establish substantial damages* |
| 06/20/2016 | **Brief** |
| | *in response to motion* |
| 06/20/2016 | **Answer** |
| | *plaintiff's motion to compel discovery pursuant to MCR 2.313(2) and to deem requests for admission admitted if not served by June 28, 2016* |
| 06/20/2016 | **Proof of Service** |
| 06/22/2016 | **Order** |
| | *regarding Motion for Reconsideration/Proof of Service (sgd 6/21/16)* |
| 06/22/2016 | **Order** |
| | *regarding Plaintiff's Timely Motion and Brief to Set Aside Fraudulently Filed Default of the IRA, and for Relief from Judgment for Fraud and Lack of Jurisdiction. Pursuant to MCR 2.612(C) and/or for Order to Show Cause and/or Mandatory Hearing to Establish Substantial Damages/Proof of Service (sgd 6/21/16)* |

9/9/2019, 2:01 PM

| | |
|---|---|
| 06/22/2016 | **Order** |
| | *regarding Plaintiff's Motion and Brief to Compel Discovery pursuant to MCR 2 312(2) and Deem Requests for Admission Admitted if not Served by June 28 2016/Proof of Service (sgd 6/21/16)* |
| 06/23/2016 | **Motion Hearing** (3:00 PM) (Judicial Officer Brown, Archie C ) |
| | *Pltf/Motion and Brief to Set Aside and for Relief Motion and Brief to Compel Discovery* |
| | Result Dismissed |
| 07/01/2016 | **Answer** |
| | *to Gary Hann's First Request to Deft Babalao and Deft Sakaya for Admissions with Respect to 709 Dorset either Jointly or Severally at Deft's Option* |
| 07/01/2016 | **Proof of Service** |
| 07/05/2016 | **Motion** |
| | *and Brief for Reconsideration of void Order Entered on June 21, 2016 Defendants Failed to Serve its Motion for Reconsideration on Plaintiffs and were Judicially Estopped by Issue Preclusion and by the Law of the Case/ Notice of Hearing/ Proof of Service* |
| 07/05/2016 | **Motion** |
| | *and Brief for Reconsideration of Void Orders Entered on 06 21 16, Defendants Fail to Serve the Motion on Plaintiff and Likely Had no New Evidence to Warrant Any Reconsideration* |
| 07/05/2016 | **Demand** |
| | *Jury* |
| 07/05/2016 | **Affidavit** |
| | *of Gary S Hahn Re the 22nd Circuit Court Case# 15-687-CB Gary S Hahn IRA Account v Babalao & Sakaya* |
| 07/06/2016 | **Copy** |
| | *of Court of Appeals order (Denied)* |
| 07/19/2016 | **Proof of Service** |
| 07/19/2016 | **Answer** |
| | *to Pltf's Motions Landlord-Tenant and other Relief in the form of a Long Overdue Hearing on Forfeiture and Escrow Order a Mandatory Jury Trial for Damages in Re the Default of Pltf IRA and Order Striking the Court's May 12, 2016 Order and Denying Defts any Trial Witnesses due to Statutory Failure to Serve Process and for this Plainly Biased Court to Recuse itself under the Mandatory Provisions of MCR 2 003* |
| 07/19/2016 | **Brief** |
| | *in Support of Defts' Answer* |
| 07/21/2016 | **Motion Hearing** (3:00 PM) (Judicial Officer Brown, Archie C ) |
| | *Pltf/ Motion for Landlord- Tenant and Other Relief* |
| | Result Dismissed |
| 07/22/2016 | **Order** |
| | *regarding plaintiff's motion for reconsideration of the court's June 21, 2016 order/proof of service (sgd 07/20/16)* |
| 07/22/2016 | **Opinion** |
| | *and Order Denying Plaintiff's Motion to Disqualify Judge Archie C Brown/Proof of Service (Sgd 07 20 16)* |
| 07/22/2016 | **Order** |
| | *Regarding Plaintiff's Motion Titled (Sgd 7-20-16)/ Proof of Service* |
| 07/22/2016 | **Order** |
| | *regarding plaintiff's motions for reconsideration of the court's June 21 2016 order (sgd 07/20/16)* |
| 08/10/2016 | **Motion** |
| | *in Limine/Brief in Support/Notice of Hearing/Proof of Service* |
| 08/10/2016 | **Motion** |
| | *to Dismiss AB Initio for Complete Lack of Jurisdiction to Hear and/or Adjudicate any Claim Against an Individual Retirement Account, Including Pltf 100% Disables Retiree Gary S Hahn Roth IRA Account/ Brief in Support/ Notice of Hearing/ Proof of Service* |
| 08/10/2016 | **Affidavit** |
| | *of Gary S Hann Re the 22nd Circuit Court Case no 15-687-CB Gary S Hann Roth IRA Account c Babalo Sakaya* |
| 08/10/2016 | **Motion** |
| | *to Dismiss Re Service* |
| 08/10/2016 | **Motion** |
| | *to Dismiss Possessory Claims* |
| 08/10/2016 | **Motion** |
| | *for Jury Hearing on Damages* |
| 08/10/2016 | **Motion** |
| | *to Dismiss AB Initio for Complete Lack of Subject Matter Jurisdiction due to Frivolous and Fraudulant $25,000 Counter-Claim against Pltf 100% Disabled Retiree Gary S Hahn Roth IRA Account/ Brief in Support/ Notice of Hearing/ Proof of Service* |
| 08/10/2016 | **Motion** |
| | *to remand/brief in support/notice of hearing/proof of service* |
| 08/11/2016 | **Brief** |
| | *In support of defendants' motion to amend counterclaim facts* |
| 08/11/2016 | **Motion** |
| | *To remove Lis Pendens and enjoin Gary Hann from filing further liens on property* |
| 08/11/2016 | **Motion** |
| | *To counterclaim* |
| 08/11/2016 | **Notice of Hearing** |
| 08/11/2016 | **Proof of Service** |
| 08/15/2016 | **Brief** |
| | *in Support of Defendants' Answer to Plaintiff's Motion to Remand for Complete Lack of Subject Matter Jurisdiction Over the Summary Possession Complaint After Land Contract Forfeiture Crought by Plaintiff IRA Through Realtor Gary S Hann* |
| 08/15/2016 | **Answer** |
| | *to Plaintiff's Motion to Dismiss AB Into and with Prejudice for Complete Lack of Personal Jurisdiction Over Plaintiff Gary S Hann IRA Custodial Account* |
| 08/15/2016 | **Answer** |
| | *To Plaintiff's motion to remand for complete lack of subject matter jurisdiction over the summary possession complain after land contract forfeiture brought by plaintiff IRA through relator Gary S Hann* |
| 08/15/2016 | **Answer** |
| | *To Plaintiff's motion for jury to necessarily assess damages on default judgment against plaintiff IRA* |
| 08/15/2016 | **Brief** |
| | *In support of defendants' answer to plaintiff's motion for jury to necessarily assess damages on default judgment against plaintiff IRA* |
| 08/15/2016 | **Answer** |
| | *To Plaintiff's motion to dismiss any possessory claims by defenants lack of standing* |
| 08/15/2016 | **Brief** |
| | *In support of defendants' answer to plaintiff's motion to dismiss any possessory claims by defendants lack of standing* |
| 08/15/2016 | **Answer** |
| | *to Motion to Dismiss AB Initio for Complete Lack of Subject Matter Jurisdiction due to Frivilous and Fraudulant $25,000 Counter-Claim against Pltf 100% Disabled Retiree Gary S Hahn Roth IRA Account* |

9/9/2019, 2:01 PM

08/15/2016 **Brief**
In support of its answer to motion to dismiss AB INITIO for complete lack of subject matter jurisdiction due to frivolous and fraudulent 25,000 counterclaim against plaintiff 100% disabled retiree Gary S. Hann roth IRA account

08/15/2016 **Proof of Service**

08/15/2016 **Answer**
to Motion to Dismiss AB Initio for Complete Lack of Jurisdiction to Hear and/or Adjudicate any Claim Against an Individual Retirement Account. Including Pltf 100% Disables Retiree Gary S. Hann Roth IRA Account

08/15/2016 **Answer**
To motion in limine

08/15/2016 **Brief**
In support of its answer to motion to dismiss AB INITIO for complete lack of jurisdiction to hear and/or adjudicate any claim against an individual retirement account. including plaintiff 100% disabled retiree Gary S Hann Roth IRA account

08/15/2016 **Answer**
to Plaintiff's Motion to Dismiss AB Initio and with Prejudice for Complete Lack of Personal Jurisdiction over Plaintiff Gary S. Hann IRA Custodial Account

08/18/2016 **Motion Hearing** (3:00 PM) (Judicial Officer Brown, Archie C.)
Motion in Limine, 4 Motions to Dismiss AB Initio for Lack on Jurisdiction, Motion to Remand Forfeiture Complaint to District Court of Jurisdiction, Motion for Jury Hearing in Damages Delt/ Amend Counterlaim; Remove Lis Perdens and enjoin Gary Hann from Filing Lines on Property
Result: Dismissed

08/19/2016 **Order**
regarding motion to remove Lis Pendens and enjoin Gary Hann from filing liens on property/Proof of service

08/19/2016 **Order**
Regarding Motion to remand/Motion in limine/Motion to dismiss Re: counterclaim/Motion to dismiss Re:IRA/ Motion to dismiss possessory claims/Motion for jury hearing on damages/Motion to dismiss Re: service/Proof of service

08/19/2016 **Order**
Regarding motion to amend counterclaim/proof of service

08/19/2016 **Counter Claim**
(First Amended) counterclaim against Gary Hann

08/19/2016 **Proof of Service**

09/02/2016 **Brief**
( Common) In Support of motions voiding all proceedings and judgments in the complete absense of jurisdiction herein/Proof of service

09/02/2016 **Motion**
Re Americans with disabilites act and necessary trial information Witness list addition/Notice of hearing/Proof of service

09/02/2016 **Motion**
for Reconsideration of Illegal Injunction. Without Any Hearing Thus Lacking Jurisdiction, Without the Pleading of the Injunction Court Rule, and Enjoining Legal Actions by Hann/ Brief in Support/ Notice of Hearing/ Proof of Service

09/02/2016 **Motion**
To dismiss AB Initio for the business court's complete lack of subject matter jurisdiction/Notice of hearing/Proof of service

09/02/2016 **Motion**
to Dismiss Quiet Title Pleadings and Decisions for Lack of Pleading Allegations, Lack of Fundamental Due Process, and Therefore Lack of Jurisdiction/ Brief in Support of Motion/ Notice of Hearing/ Proof of Service

09/02/2016 **Motion**
to Chief Judge Swartz. Pursuant to MCR 2.003 (C)(3)(a), to Decide De Novo to Reuse Judge Brown for Violation of the Law of the Case in Judge Swartz's Explicit Order on Standing. Violation of the Mandatory Business Court Rules Set Judge Shelton, and Inter Alia. Acting in the Complete Absence of Jurisdiction/ Brief in Support/ Notice of Hearing/ Proof of Service

09/02/2016 **Motion**
To make mandatory assignment to business court panel: The court lacks jurisdiction to violate the mandatory court rules and its own orders/Notice of hearing/Proof of service

09/02/2016 **Objections**
(Vigorous, Numerous Dispositive) and Answer to Factually Implausible 5th rehashed facially absurd and wrongful counter claim without jurisdiction/ Affirmative Defenses/ Proof of Service

09/06/2016 **Proof of Service**

09/06/2016 **Notice of Hearing**

09/06/2016 **Motion**
to Strike Pltf Hahn's Counterclaim to Defts' Counterclaim

09/12/2016 **Answer**
To plaintiff's motion to chief Judge Swarta. Pursuant to MCR 2.003(C)(3)(a). To decide De novo to rescue Judge Brown for violation of the law of the case in Judge Swartz's court rules set by Judge Shelton. and inter alia. acting in the complete absense of jurisdiction

09/12/2016 **Proof of Service**

09/12/2016 **Answer**
To plaintiff's motion to dismiss AB Initio for the business court's complete lack of subject matter jurisdiction

09/12/2016 **Answer**
To plaintiff's motion to dismiss Ab Initio for the business courts complete lack of subject matter jurisdiction

09/12/2016 **Brief**
In support of defendants' answer and objection to plaintiff's motion to dismiss quiet title pleadings and decisions for lack of pleading allegations. lack of fundamental due process and therefore lack of jurisdiction

09/12/2016 **Answer**
and bojection to plaintiff's motion to dismiss quiet title pleadings and decisions for lack of pleading allegations. lack of fundamental due process and therefore lack of jurisdiction

09/12/2016 **Answer**
To plaintiff's motion ro Americans with disabilities act and necessary trial information  witness list addition

09/12/2016 **Answer**
To plaintiff's motion to make mandatory assignment to business court panel  the court lacks jurisdiction to violate the mandatory court rules and its own orders

09/12/2016 **Brief**
in Support of Defendants' Answer to Plaintiff's Motion to Chief Judge Swatz  Pursuant to MCR 2.003(C)(a). To Decide. De. Vovo to Recuse. Judge Brown for Violation of the Law of the case in Judge Swartz's Explicit Order on Standing. Violation of the Mandatory Business Court Rules Set by Judge Shelton. and, Inter Alia, Acting in the Complete Absence of Jurisdiction

09/14/2016 **Motion Hearing** (1:30 PM) (Judicial Officer Swartz, David S.)
Pltf/ Motion to Recuse Judge Brown· To Chief Judge Swartz
Result: Cancelled

09/15/2016 CANCELED  Settlement Conference (3:00 PM) (Judicial Officer Brown, Archie C.)
Event Cancelled By Court
Per 3/10/16 Return Docket

| | |
|---|---|
| 09/15/2016 | **CANCELED Motion Hearing** (3:00 PM) (Judicial Officer Brown, Archie C.) |
| | *Event Cancelled By Court* |
| | *Jurisdictional Challenges, Business Court Panel, Reconsideration, Recusal, ADA Accomodation and Trial Info Deft/ Motion to Strike* |
| 09/15/2016 | **Order** |
| | *Trial Order/Proof of Service (Sgd 09-14-16)* |
| 09/16/2016 | **Order** |
| | *Regarding Americans with Disabilities Act and Necessary Trial Information; Witness List Addition (Sgd 9/14/16)/ Proof of Service* |
| 09/16/2016 | **Order** |
| | *Regarding Motion to Make Mandatory Assignment to Business Court Panel, et al (Sgd 9-14-16) / Proof of Service* |
| 09/16/2016 | **Order** |
| | *Regarding Motion to Dismiss Quiet Title Pleadings, et al / Proof of Service (Sgd 9-14-16)* |
| 09/16/2016 | **Order** |
| | *Regarding Motion to Dismiss AB Intro for the Business Court's Complete Lack of Subject Matter Jurisdiction (Sgd 9-14-16) / Proof of Service* |
| 09/16/2016 | **Order** |
| | *Regarding Motion to Strike Plaintiff Hann's Counterclaim to Defendants' Counterclaim/ Proof of Service (Sgd 9-14-16)* |
| 09/16/2016 | **Order** |
| | *Regarding Motion for Reconsideration of Illegal Injunction, et al / Proof of Service (Sgd 9-14-16)* |
| 09/23/2016 | **Order** |
| | *Trial Scheduling/ Proof of Service (sgd 9/21/16)* |
| 09/23/2016 | **Exhibit List** |
| | *Of counter-plaintiffs* |
| 09/23/2016 | **Brief** |
| | *against Equity trust custodian FBO Gary S Hann IRA by realtor Gary S hann, and Gary S Hann* |
| 09/23/2016 | **Witness List** |
| | *Of counter-plaintiffs* |
| 09/23/2016 | **Exhibit List** |
| | *Of counter-plaintiffs* |
| 09/26/2016 | **CANCELED Jury Trial** (9:00 AM) (Judicial Officer Brown, Archie C.) |
| | *Event Cancelled By Court* |
| | *Per 3/10/16 Return Docket* |
| 09/26/2016 | **Bench Trial** (1:00 PM) (Judicial Officer Brown, Archie C.) |
| | *Per 9/21 Trial Order (9/15)* |
| | Result: Held |
| 09/27/2016 | **Bench Trial** (1:00 PM) (Judicial Officer Brown, Archie C.) |
| | *Per 9/21 Trial Order (9/15)* |
| | Result: Held |
| 09/27/2016 | **Order** |
| | *Denying Pltf's Motion to Recuse Judge Brown (sgd 09-27-16)* |
| 09/27/2016 | **Objections** |
| | *( Trial filing and vigorous trial)* |
| 09/30/2016 | **Bench Trial** (1:00 PM) (Judicial Officer Brown, Archie C.) |
| | *Per 9/21 Trial Order (9/15)* |
| | Result: Held |
| 10/18/2016 | **Bench Trial** (2:00 PM) (Judicial Officer Brown, Archie C.) |
| | Result: Held |
| 10/24/2016 | **Bench Trial** (1:00 PM) (Judicial Officer Brown, Archie C.) |
| | Result: Held |
| 11/28/2016 | **Affidavit** |
| | *of Meritorious Defense, of Failure to Obtain Personal or Subject Matter Jurisdiction of Pltf Gary S Hann Roth IRA, of Complete Lack of Subject Matter Jurisdiction over Gary S Hann and if sole Ownership of Pltf Gary S Hann Roth Individual Retirement Account by Beneficiary Gary S Hann* |
| 11/28/2016 | **Motion** |
| | *for Relief from Judgments/ Timely Motion and Brief to set aside Fradulent Default of Pltf Gary S Hann Roth IRA Account and for Relief from Judgments Pursuant to MCR 2.612(C), on Gary S Hann and on Gary S Hann's Protected Personal Property, the Gary S Hann Roth IRA Account wiht Notice of Hearing and Proof of Service* |
| 12/05/2016 | **Objection** |
| | *to Gary Hahn's Motion for Relief from Judgment set for December 8, 2016/ Proof of Service* |
| 12/08/2016 | **Motion Hearing** (3:00 PM) (Judicial Officer Brown, Archie C.) |
| | *Pltf/ To Set Aside Default and for Relief from Judgement* |
| | Result: Adjourned |
| 12/09/2016 | **Bench Trial** (1:00 PM) (Judicial Officer Brown, Archie C.) |
| | Result: Held |
| 12/09/2016 | **Motion Hearing** (1:00 PM) (Judicial Officer Brown, Archie C.) |
| | *Pltf/To Set Aside Default and for Relief From Judgment, adj 12/8* |
| | Result: Held |
| 12/09/2016 | **Proof of Service** |
| 12/20/2016 | **Bench Trial** (1:00 PM) (Judicial Officer Brown, Archie C.) |
| | Result: Held |
| 12/21/2016 | **Notice** |
| | *of Entry of 7 Day Order/Proof of Service* |
| 12/22/2016 | **Proof of Service** |
| 12/22/2016 | **Notice of Hearing** |
| 01/05/2017 | **Motion Hearing** (3:00 PM) (Judicial Officer Brown, Archie C.) |
| | *Deft/ Objection to the 7 day Order* |
| | Result: Dismissed |
| 01/10/2017 | **Order** |
| | *on Plaintiffs Motion for Relief From Judgment, et al, Docketed on December 9, 2016/ Proof of Service (Sgd 1-5-17)* |
| 02/17/2017 | **Bench Trial** (1:00 PM) (Judicial Officer Brown, Archie C.) |
| | Result: Dismissed |
| 02/24/2017 | **Bench Trial** (1:00 PM) (Judicial Officer Brown, Archie C.) |
| | Result: Held |
| 03/15/2017 | **Notice of Hearing** |
| 03/15/2017 | **Proof of Service** |
| 03/15/2017 | **Motion** |
| | *for sanctions against gary s hann, to show cause why gary s hann should not be held in contempt of court for failure to pay sanctions and stay case to gary s hann and adjourn trial as to gary s hann indefinitely* |

| | |
|---|---|
| 03/23/2017 | **Motion Hearing** (3 00 PM) (Judicial Officer Brown  Archie C ) |
| | *Deft/ Sanctions, Show Cause and to Stay Case as to Gary Hann and Adj  Trial as to Gary Hann Indefinitely* |
| | Result  Held |
| 03/24/2017 | **Bench Trial** (1 00 PM) (Judicial Officer Brown  Archie C ) |
| | *continued from 02/24/17* |
| 03/28/2017 | **Order** |
| | *sgd 03/23/17;* |
| 03/31/2017 | **Proof of Service** |
| 04/07/2017 | *CANCELED* **Bench Trial** (1 00 PM) (Judicial Officer Brown  Archie C ) |
| | *Cancel* |
| 05/01/2017 | **Motion** |
| | *and bnef to correct palpable legal  and indisputable facts or errors/ notice of hearing/ proof of hearing* |
| 05/01/2017 | **Motion** |
| | *To set aside on stay on proceedings against Gary S Hann for this hearing only  then stay pending dispositive complaint to the court of appeals for superintending control* |
| 05/01/2017 | **Motion** |
| | *regarding substantial damages due nominal plaintiff  non entity gary s hann roth individual retirement account/ bnef/ notice of hearing/ proof of service* |
| 05/08/2017 | **Proof of Service** |
| 05/08/2017 | **Response** |
| | *To Plaintiff Hann's motion filed May 1 2017* |
| 05/08/2017 | **Proof of Service** |
| 05/08/2017 | **Response** |
| | *To Plaintiff Hann's motions filed May 1 2017* |
| 05/11/2017 | **Motion Hearing** (3 00 PM) (Judicial Officer Brown  Archie C ) |
| | *Pltf/ Set Aside Stay, Correction of Reversible Errors  Damages to Individual Retirement Account* |
| | Result  Dismissed |
| 05/11/2017 | **Order** |
| | *regarding motion to set aside stay on proceedings against Gary Hann for this hearing only  then stay pending dispositive complaint to the court of appeals for superintending control/ proof of service (sgd 05 10 17)* |
| 05/11/2017 | **Order** |
| | *regarding motion to correct palpable legal and indisputable factual errors and order on motion regarding substantial damages due nominal Pltf. non-entity, Gary S Hann Roth Individual Retirement Account/ proof of service (sgd 05 10 17)* |
| 07/10/2017 | **Notice of Hearing** |
| 07/10/2017 | **Notice of Hearing** |
| 07/10/2017 | **Notice of Hearing** |
| 07/10/2017 | **Motion** |
| | *for hearing date on money damages as to Pltf Equity Trust Co Custodian FBO Gary S Hann IRA* |
| 07/10/2017 | **Motion** |
| | *For sanctions against Gary S Hann and to show cause why Gary S Hann should not be held in contempt of court for perjury* |
| 07/10/2017 | **Motion** |
| | *to remove lis pendens enjoin gary hann from filing further liens on property, and for supervisory control over the washtenaw county register of deeds to prevent further lis pendens fillings on defendants  property by plaintiffs* |
| 07/17/2017 | **Proof of Service** |
| 07/20/2017 | *CANCELED*  **Motion Hearing** (3 00 PM) (Judicial Officer Brown  Archie C ) |
| | *Event Cancelled By Court* |
| | *Deft/ Hearing Damages as to Pltf   Sanction Against Gart Hann and to Motion to remove Lis Pendens, enjoin Gary Hann from Filing Further Liens of property and for Supervisory Control over the Washtenaw County Register of Deeds* |
| 07/20/2017 | **Motion Hearing** (3 00 PM) (Judicial Officer Brown  Archie C ) |
| | *Deft/ Show Cause why Gary Hann Should Not be Held in Contempt.* |
| | Result  Held |
| 07/21/2017 | **Order** |
| | *Regarding Motion for Hearing Dates on Money Damages as to Plaintiff, Equity Trust Co   Custodian FBO Gary S  Hann IRA and Defendant's Motion to Remove Lis Pendens  Et al/ Proof of Service (Sgd 07 19 17)* |
| 07/24/2017 | **Order** |
| | *denying with prejudice motion for sanctions against Gary Hann and to show cause why Gary Hann should not be held in contempt (sgd 07 20 17)* |
| 08/10/2017 | **Defendant's Motion** |
| | *for Reconsideration* |
| 08/10/2017 | **Brief** |
| | *in Support of Their Motion for Reconsideration* |
| 08/10/2017 | **Proof of Service** |
| 09/06/2017 | **Order** |
| | *Regarding motion for reconsideration for removal of stay ( sgd 8-31-17) Proof of service* |
| 11/07/2017 | **List** |
| | *of Bench Trial Exhibits* |
| 08/27/2018 | **Motion** |
| | *to reopen the case and set new scheduling order or trial dates* |
| 08/29/2018 | **Notice of Hearing** |
| 08/29/2018 | **Proof of Service** |
| 08/31/2018 | **Notice of Motion Hearing** |
| 09/13/2018 | **Motion Hearing** (3 00 PM) (Judicial Officer Brown  Archie C ) |
| | *Deft/Motion to Reopen Case and Set New Scheduling Order or Trial Dates* |
| | Result  Held |
| 09/13/2018 | **SCAO - Case Reopened** |
| 09/14/2018 | **Order** |
| | *on Defendants' Motion to Reopen Case and Set New Scheduling Order on Trial Dates (sgd 9/13/18)* |
| 09/19/2018 | **Proof of Service** |
| 10/10/2018 | **Motion** |
| | *to Dismiss Counterclaim Against Gary S  Hann, Pursuant to Counsel Cotlis Sworn Statements to the U.S. Bankruptcy Trustee, and to the Bankruptcy Court's Unchallenged No Distribution Report Dismissing Counter-Plaintiff's Claims in their Entirety/ Bnef in Support/ Notice of Hearing/ Proof of Service* |
| 10/11/2018 | **Notice of Motion Hearing and Proof of Service** |
| 10/11/2018 | **Notice of Motion Hearing and Proof of Service** |
| 10/11/2018 | **Notice of Motion Hearing and Proof of Service** |
| 10/11/2018 | **Notice of Motion Hearing and Proof of Service** |

| | |
|---|---|
| 10/11/2018 | **Motion** |
| | *to Amend Exhibit UU, Admit Exhibit UU, and to Defer Further Testimony Regarding Attorney Fees Until After Trial* |
| 10/11/2018 | **Motion** |
| | *to Remove Lis Pendens, Enjoin Gary Hann From Filing Further Liens on Property, and for Contempt of Court* |
| 10/11/2018 | **Motion** |
| | *for Sanctions Against Gary S. Hann, to Show Cause Why Gary S. Hann Should Not be Held in Contempt of Court for Perjury, and to Compel Gary S. Hann to Personally Attend All Future Court Dates* |
| 10/11/2018 | **Motion** |
| | *to Consolidate Trials on Both Plaintiffs* |
| 10/16/2018 | **Notice of Motion Hearing and Proof of Service** |
| 10/16/2018 | **Notice of Motion Hearing and Proof of Service** |
| 10/16/2018 | **Notice of Motion Hearing and Proof of Service** |
| 10/23/2018 | **Response** |
| | *to Plaintiff Hann's motions dated October 3, 2018* |
| 10/23/2018 | **Proof of Service** |
| 10/23/2018 | **Brief** |
| | *in support of Defendant responses* |
| 10/25/2018 | **Motion Hearing** (3:00 PM) (Judicial Officer Brown, Archie C.) |
| | *Deft/Motion to Amend Exhibit UU, Admit Exhibit UU, and to Defer Further Testimony Regarding Attorney Fees Until After Trial; Motion to Consolidate Trials on Both Plffs; Motion to Remove Lis Pendens, Enjoin Gary Hann from Filing Further Liens on Property, and for Contempt of Court; Motions for Sanctions Against Gary S. Hann, to Show Cause Why Gary S. Hann Should not be Held in Contempt of Court for Perjury, and to Compel Gary S. Hann to Personally Attend all Future Court Dates; Plff/Motions "A" to "G" in re the Court's Complete Lack of Subject Matter Jurisdiction and Other Dispositive Matters; Motions "A" to "I" in re Deft's Forfeiture, for Security for Costs, for More Definite Statement, Et Al (Filed 7/29/15 But Never Heard); Motions "A" to "C" Filed on 10/26/15 to remove from business Court Docket Et Al (Filed 10/26/15 But Hearing Cancelled by Judge Brown and Never Heard)* |
| | *Result: Held* |
| 10/29/2018 | **Order** |
| | *Regarding: "H" "Motions 'A' to 'I' in Re Defendant's Forfeiture, for Security for Costs, for More Definite Statement, et al. (Filed 7/29/2015 but never heard.); I: "Motions 'A' to 'C'; Filed on 10/26/2015 to Remove from Business Court Docket et al. (Filed 10/26/18 but Hearing Cancelled by Judge Brown and never heard)/ Proof of Service (sgd 10/24/18)* |
| 10/29/2018 | **Order** |
| | *on Plaintiff's Motions Heard on 10/25/18 (sgd 10/25/18)* |
| 10/29/2018 | **Order** |
| | *on Defendants' motions heard on 10-25-18 (sgd 10/25/18)* |
| 11/07/2018 | **Proof of Service** |
| 11/15/2018 | **Notice of Motion Hearing and Proof of Service** |
| 11/15/2018 | **Motion** |
| | *and Brief for Reconsideration of Void Orders Entered on October 24 and 25, 2018/Brief in Support* |
| 12/21/2018 | **Order** |
| | *regarding Motion for Reconsideration/Proof of Service (sgd 12/21/18)* |
| 02/21/2019 | **Order** |
| | *Status Conference/Proof of Service (signed 2/21/19)* |
| 03/01/2019 | **Notice** |
| | *of Application for Leave to Appeal with Notice of Motion Hearing and Proof of Service* |
| 03/04/2019 | *CANCELED* **Bench Trial** (8:30 AM) (Judicial Officer Brown, Archie C.) |
| | *Cancel* |
| 03/04/2019 | *CANCELED* **Bench Trial** (9:00 AM) (Judicial Officer Brown, Archie C.) |
| | *Cancel* |
| 03/05/2019 | *CANCELED* **Bench Trial** (9:00 AM) (Judicial Officer Brown, Archie C.) |
| | *Cancel* |
| 03/06/2019 | *CANCELED* **Bench Trial** (9:00 AM) (Judicial Officer Brown, Archie C.) |
| | *Cancel* |
| 03/07/2019 | *CANCELED* **Bench Trial** (9:00 AM) (Judicial Officer Brown, Archie C.) |
| | *Cancel* |
| 03/08/2019 | *CANCELED* **Bench Trial** (9:00 AM) (Judicial Officer Brown, Archie C.) |
| | *Cancel* |
| 03/27/2019 | **Notice of Motion Hearing and Proof of Service** |
| 03/27/2019 | **Motion** |
| | *to Hear by Video Conference* |
| 03/28/2019 | **Status Conference** (1:30 PM) (Judicial Officer Brown, Archie C.) |
| | *Per 2/21 SO, Adj. 3/28* |
| | *Result: Adjourned* |
| 04/02/2019 | **Notice of Motion Hearing and Proof of Service** |
| 04/02/2019 | **Answer** |
| | *to Plaintiff's Motion to be Heard by Video Conference, E.T. Al.* |
| 04/02/2019 | **Proof of Service** |
| 04/02/2019 | **Motion** |
| | *to Show Cause* |
| 04/02/2019 | **Proof of Service** |
| 04/04/2019 | **Motion Hearing** (1:30 PM) (Judicial Officer Brown, Archie C.) |
| | *Plff-Counter-Defendant/Motion to be Heard due to Disability by Video Conference re Complete Lack of Subject Matter Jurisdiction, Blatant Violation of the ADA, etc.* |
| | *Parties Present* |
| | *Result: Held* |
| 04/04/2019 | **Status Conference** (1:30 PM) (Judicial Officer Brown, Archie C.) |
| | *Per 2/21 SO, Adj. 3/28* |
| 04/04/2019 | **Order** |
| | *on Plaintiff's Motion to be Heard by Video Conference, et al. (signed 4/4/19)/Proof of Service* |
| 04/15/2019 | **Answer** |
| | *and Objections to Motion for the "Court to Give Reasons Why Plaintiff Hann Should Not Be Held in Contempt"/Proof of Service* |
| 04/18/2019 | **Motion Hearing** (1:30 PM) (Judicial Officer Brown, Archie C.) |
| | *Deft/Motion to Show Cause* |
| | *Result: Held* |
| 04/22/2019 | **Notice of Submission - Copy of Order - Proof of Service.** |
| 04/22/2019 | **Proof of Service** |

9/9/2019, 2:01 PM

| Date | Entry |
|---|---|
| 05/02/2019 | **Order** |
| | on Defendants' Motion to Show Cause on 4/18/19 (sgd 4/30/19) |
| 05/15/2019 | **Proof of Service** |
| 06/18/2019 | **Copy of Court of Appeals Order** |
| 06/21/2019 | **Document** |
| | Judicial Notice of Vigorous' Dispositive Objections to Untimely Served Order and to Any Trial Completely Lacking Jurisdiction Any Judge but Judge Brown Would Have Dismissed/Remanded This |
| 06/24/2019 | **Bench Trial** (9:00 AM) (Judicial Officer: Brown, Archie C.) |
| | set from 04/04/2019 hearing *Mr. Hann required to physically appear* |
| | Result: Held |
| 06/24/2019 | **Proof of Service** |
| 06/25/2018 | **Order** |
| | Granting Default Judgment Against Gary Hann and Scheduling Trial on Damages Regarding Equity Trust Co. Custodian FBO Gary S. Hann IRA (Sgd 6/24/19) |
| 07/08/2019 | **Motion** |
| | to Set Aside the Default of Gary S. Hann  to be heard by video conference under the americas with disabilities act |
| 07/08/2019 | **Motion** |
| | for taxable costs on frivolous dismissed counts, and to prohibit judgment creditors from any non-allowable costs, to be heard by video conference under the americans with disabilities act |
| 07/08/2019 | **Motion** |
| | for relief from and or to alter or amend this court's june 24, 2019 wrong judgment to be heard by video conference under the americans with disabilities act |
| 07/08/2019 | **Motion** |
| | to stay execution of judgment pending all appeals and all federal court rulings to be heard by video conference under the Americans with Disabilities Act/brief in support |
| 07/08/2019 | **Notice of Motion Hearing and Proof of Service** |
| 07/22/2019 | **Document** |
| | Proposed Taxation of Costs |
| 07/22/2019 | **Proof of Service** |
| 07/22/2019 | **Affidavit** |
| | Verifying Bill of Costs Pursuant to MCR 2.625 |
| 08/05/2019 | **Notice** |
| | of Plaintiff Hann's Physician Letter and Current ADA Filing, and Situs of Plaintiff IRA in California Per the Court of Appeals, in Support of Plaintiff Hann's Motion to Set Aside the Default Judgment (Judicial) |
| 08/05/2019 | **Proof of Service** |
| 08/05/2019 | **Notice** |
| | that Plaintiff Hann did not own the Subject Property, and there is no Evidence that he had any Responsibility Whatever for Taxes or Insurance, in Support of Plaintiff Hann's Motion for Relief and/or to Alter or Amend (Judicial) |
| 08/05/2019 | **Notice** |
| | of Defendant Sakaya's Absolute Inability to Give Admissible Testimony to Events which Occurred During his Imprisonment, he Refused to Provide Corroborating Documents in Discovery or at Trial, in Support of Plaintiff Hann's Motion for Relief and/or to Alter or Amend (Judicial) |
| 08/05/2019 | **Objection** |
| | (Vigorous) to Clerk Re Bill of Costs Filed by Counsel Collis on 7/22/2019 |
| 08/07/2019 | **Motion** |
| | to Show Cause and to Strike Judicial Notices |
| 08/07/2019 | **Notice of Motion Hearing and Proof of Service** |
| 08/08/2019 | **Taxation of Costs** |
| | and Certificate of Mailing |
| 08/12/2019 | **Answer** |
| | to plaintiff's motion for taxable costs on frivolous dismissed counts and to prohibit judgment creditors from any non-allowable costs to be heard by video conference under the Americans with Disabilities Act |
| 08/12/2019 | **Answer** |
| | to Plaintiff's motion to Stay Executive of Judgement Pending all Appeals and all Federal Court Rulings to be Heard by Video Conference Under the Americans with Disabilities Act |
| 08/12/2019 | **Answer** |
| | to plaintiff's motion to set aside the default of Gary S Hann to be heard by video conference under the Americans with Disabilities Act |
| 08/12/2019 | **Brief** |
| | in support of answer to plaintiff's motion to set aside the default of Gary S Hann to be heard by video conference under the Americans with Disabilities Act |
| 08/12/2019 | **Answer** |
| | to plaintiff's motion for relief from and/or to alter or amend the court's June 24, 2019 wrongful judgment to be heard by video conference under the Americans with Disabilities Act |
| 08/12/2019 | **Proof of Service** |
| 08/12/2019 | **Brief** |
| | in support of their answer to plaintiff's motion for relief from and/or to alter or amend the court's June 24, 2019 wrongful judgment to be heard by video conference under the Americans with Disabilities Act |
| 08/13/2019 | **Notice of Motion Hearing and Proof of Service** |
| 08/14/2019 | **Motion** |
| | to Strike Fraudulent Costs Taxed by Counsel Collis and Brief in Support |
| 08/14/2019 | **Notice of Motion Hearing and Proof of Service** |
| 08/15/2019 | **Motion Hearing** (1:30 PM) (Judicial Officer: Brown, Archie C.) |
| | Pltf/Counter-Deft/Motions to Be Heard  Due to Disability, by Video Conference for Relief and/or to Alter or Amend to Set Aside Default, to Stay Matter and for Taxable Costs  by Video Conference Under ADA, Deft/ Motion to Show Cause and to Strike Judicial Notes |
| | Result: Cancelled |
| 08/16/2019 | **Order** |
| | Regarding Plaintiff's Motion and Regarding Defendant's Motion to Show Cause and Strike Judicial Notices (sgd 08.15.19) |
| 08/16/2019 | **Proof of Service** |
| 08/16/2019 | **Notice** |
| | of Defendant's Disallowed Claims on Plaintiff's Bankruptcy Estate |
| 08/16/2019 | **Notice** |
| | of Plaintiff's Bankruptcy Estate Certified Docket Report |
| 08/16/2019 | **Notice** |
| | of Federal Court Order Removing Defendant's Lien and All Right, Title and Interest in the Subject Property 709 Dorset, Ypsilanti Township, 48198 |
| 08/16/2019 | **Transcript** |
| | of Bench Trial held 06.24.19 (23 pages) |

| | | | |
|---|---|---|---|
| 08/16/2019 | **Notice** | | |
| | *of Certified Amended Bankruptcy Schedules, Showing a Purported Debt of $42,690 to Defendants Sakaya and Babalao, the Said Purported Debt Being Disallowed and Discharged in Full* | | |
| 09/03/2019 | **Answer** | | |
| | *to Plaintiff's Motion to Strike Non-Statutory Costs Taxes by the Clerk Re-Fraudulent, Excessive Taxation of Costs Filed by Counsel Collis on 7/23/19* | | |
| 09/03/2019 | **Proof of Service** | | |
| 09/05/2019 | **Motion Hearing** (3:00 PM) (Judicial Officers Brown, Archie C., Brown, Archie C.) | | |
| | *Pltf & Counter Deft/ Motion to be Heard, Due to Disability, by Video Conference to Strike Non-Statutory Costs Taxed by the Clerk BY VIDEO CONFERENCE UNDER THE ADA* | | |
| | Result: Held | | |
| 09/16/2019 | CANCELED  **Bench Trial**  (9:00 AM) (Judicial Officer Brown, Archie C.) | | |
| | Adj: By Court | | |
| | *Damages Owed by Equity Trust - Set per 6/24/19 Bench Trial* | | |
| 09/17/2019 | CANCELED  **Bench Trial**  (9:00 AM) (Judicial Officer Brown, Archie C.) | | |
| | Adj: By Court | | |
| 09/18/2019 | CANCELED  **Bench Trial**  (9:00 AM) (Judicial Officer Brown, Archie C.) | | |
| | Adj: By Court | | |
| 09/19/2019 | CANCELED  **Bench Trial**  (9:00 AM) (Judicial Officer Brown, Archie C.) | | |
| | Adj: By Court | | |
| 09/20/2019 | CANCELED  **Bench Trial**  (9:00 AM) (Judicial Officer Brown, Archie C.) | | |
| | Adj: By Court | | |
| 11/25/2019 | **Bench Trial** (9:00 AM) (Judicial Officer Brown, Archie C.) | | |
| | Result: Held | | |
| 11/26/2019 | CANCELED  **Bench Trial**  (9:00 AM) (Judicial Officer Brown, Archie C.) | | |
| | Cancel | | |
| | continued | | |
| 11/26/2019 | **Exhibit List** | | |
| | *of counter-plaintiffs* | | |
| 11/26/2019 | **Proof of Service** | | |
| 11/26/2019 | **Proof of Service** | | |
| 11/26/2019 | **Order** | | |
| | *granting judgment amount against Equity Trust Co. custodian FBO Gary S Hahn IRA by Relator Gary S Hahn* | | |
| 11/27/2019 | CANCELED  **Bench Trial**  (9:00 AM) (Judicial Officer Brown, Archie C.) | | |
| | Cancel | | |
| | continued | | |
| 12/10/2019 | **Notice** | | |
| | *(Judicial)* | | |

---

## FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Defendant** Babalao Investors | | |
| | **Total Financial Assessment** | | 100.00 |
| | **Total Payments and Credits** | | 100.00 |
| | **Balance Due as of 12/11/2019** | | 0.00 |
| 12/15/2015 | Transaction Assessment | | 20.00 |
| 12/15/2015 | Payment Over the Counter   Receipt # CC-2015-16190 | Collis, Stuart M. | (20.00) |
| 07/10/2017 | Transaction Assessment | | 20.00 |
| 07/10/2017 | Payment Over the Counter   Receipt # CC-2017-9044 | Collis, Stuart M | (20.00) |
| 08/10/2017 | Transaction Assessment | | 20.00 |
| 08/10/2017 | Payment Over the Counter   Receipt # CC-2017-10675 | Collis, Stuart M | (20.00) |
| 08/29/2018 | Transaction Assessment | | 20.00 |
| 08/29/2018 | Payment Over the Counter   Receipt # CC-2018-11964 | Collis, Stuart M | (20.00) |
| 04/02/2019 | Transaction Assessment | | 20.00 |
| 04/02/2019 | Payment Over the Counter   Receipt # CC-2019-4276 | Collis, Stuart M | (20.00) |

| | | | |
|---|---|---|---|
| | **Plaintiff** Equity Trust Co. Custodian FBO Gary S. Hahn IRA | | |
| | **Total Financial Assessment** | | 720.00 |
| | **Total Payments and Credits** | | 720.00 |
| | **Balance Due as of 12/11/2019** | | 0.00 |
| 07/08/2015 | Transaction Assessment | | 150.00 |
| 07/08/2015 | Payment Over the Counter   Receipt # CC-2015-8917 | Babalao Investors | (150.00) |
| 07/29/2015 | Transaction Assessment | | 20.00 |
| 07/29/2015 | Payment Over the Counter   Receipt # CC-2015-9871 | Equity Trust Co. Custodian FBO Gary S. Hahn IRA c/o Plaintiff Counsel | (20.00) |
| 08/10/2015 | Transaction Assessment | | 20.00 |
| 08/10/2015 | Payment Over the Counter   Receipt # CC-2015-10381 | Collis, Stuart M | (20.00) |
| 10/26/2015 | Transaction Assessment | | 20.00 |
| 10/26/2015 | Payment Received By Mail   Receipt # CC-2015-14008 | Equity Trust Co. Custodian FBO Gary S. Hahn IRA c/o Plaintiff Counsel | (20.00) |
| 01/15/2016 | Transaction Assessment | | 20.00 |
| 01/15/2016 | Payment Over the Counter   Receipt # CC-2016-579 | Collis, Stuart M | (20.00) |
| 01/26/2016 | Transaction Assessment | | 20.00 |
| 01/26/2016 | Payment Over the Counter   Receipt # CC-2016-1048 | Equity Trust Co. Custodian FBO Gary S. Hahn IRA c/o Plaintiff Counsel | (20.00) |
| 01/26/2016 | Transaction Assessment | | 20.00 |
| 01/26/2016 | Payment Over the Counter   Receipt # CC-2016-1185 | Equity Trust Co. Custodian FBO Gary S. Hahn IRA c/o Plaintiff Counsel | (20.00) |
| 03/02/2016 | Transaction Assessment | | 85.00 |

12/11/2019, 8:54 AM

| Date | Transaction | Receipt | Party | Amount |
|------|-------------|---------|-------|--------|
| 03/02/2016 | Payment Over the Counter | Receipt # CC-2016-2762 | Equity Trust Co. Custodian FBO Gary S. Hann IRA c/o Plaintiff Counsel | (85.00) |
| 03/10/2016 | Transaction Assessment | | Collis, Stuart M | 20.00 |
| 03/10/2016 | Payment Over the Counter | Receipt # CC-2016-3127 | | (20.00) |
| 04/13/2016 | Transaction Assessment | | | 20.00 |
| 04/13/2016 | Payment Received By Mail | Receipt # CC-2016-4566 | Equity Trust Co. Custodian FBO Gary S. Hann IRA c/o Plaintiff Counsel | (20.00) |
| 06/01/2016 | Transaction Assessment | | Collis, Stuart M | 20.00 |
| 06/01/2016 | Payment Over the Counter | Receipt # CC-2016-6791 | | (20.00) |
| 06/16/2016 | Transaction Assessment | | | 20.00 |
| 06/16/2016 | Payment Over the Counter | Receipt # CC-2016-7540 | Equity Trust Co. Custodian FBO Gary S. Hann IRA c/o Plaintiff Counsel | (20.00) |
| 07/05/2016 | Transaction Assessment | | | 20.00 |
| 07/05/2016 | Payment Received By Mail | Receipt # CC-2016-8250 | Equity Trust Co. Custodian FBO Gary S. Hann IRA | (20.00) |
| 08/10/2016 | Transaction Assessment | | | 20.00 |
| 08/10/2016 | Payment Received By Mail | Receipt # CC-2016-9904 | Equity Trust Co. Custodian FBO Gary S. Hann IRA | (20.00) |
| 08/11/2016 | Transaction Assessment | | | 20.00 |
| 08/11/2016 | Payment Over the Counter | Receipt # CC-2016-9996 | Collis, Stuart M | (20.00) |
| 09/02/2016 | Transaction Assessment | | | 20.00 |
| 09/02/2016 | Payment Received By Mail | Receipt # CC-2016-11039 | Equity Trust Co. Custodian FBO Gary S. Hann IRA | (20.00) |
| 09/06/2016 | Transaction Assessment | | | 20.00 |
| 09/06/2016 | Payment Over the Counter | Receipt # CC-2016-11133 | Collis, Stuart M | (20.00) |
| 11/28/2016 | Transaction Assessment | | | 20.00 |
| 11/28/2016 | Payment Received By Mail | Receipt # CC-2016-14950 | Equity Trust Co. Custodian FBO Gary S. Hann IRA | (20.00) |
| 03/15/2017 | Transaction Assessment | | | 20.00 |
| 03/15/2017 | Payment Over the Counter | Receipt # CC-2017-3471 | Collis, Stuart M | (20.00) |
| 05/01/2017 | Transaction Assessment | | | 20.00 |
| 05/01/2017 | Payment Received By Mail | Receipt # CC-2017-5766 | Mack, Hugo J | (20.00) |
| 10/10/2018 | Transaction Assessment | | | 20.00 |
| 10/10/2018 | Payment Received By Mail | Receipt # CC-2018-13996 | Equity Trust Co. Custodian FBO Gary S. Hann IRA | (20.00) |
| 10/11/2018 | Transaction Assessment | | | 20.00 |
| 10/11/2018 | Payment Over the Counter | Receipt # CC-2018-14119 | Collis, Stuart M | (20.00) |
| 11/15/2018 | Transaction Assessment | | | 20.00 |
| 11/15/2018 | Payment Received By Mail | Receipt # CC-2018-15834 | Equity Trust Co. Custodian FBO Gary S. Hann IRA | (20.00) |
| 03/01/2019 | Transaction Assessment | | | 25.00 |
| 03/01/2019 | Payment Received By Mail | Receipt # CC-2019-2688 | Equity Trust Co. Custodian FBO Gary S. Hann IRA | (25.00) |
| 03/27/2019 | Transaction Assessment | | | 20.00 |
| 03/27/2019 | Payment Received By Mail | Receipt # CC-2019-4013 | Equity Trust Co. Custodian FBO Gary S. Hann IRA | (20.00) |
| 08/07/2019 | Transaction Assessment | | | 20.00 |
| 08/07/2019 | Payment Over the Counter | Receipt # CC-2019-10509 | Collis, Stuart M | (20.00) |

**Plaintiff Hann, Gary**
Total Financial Assessment | 40.00
Total Payments and Credits | 40.00
**Balance Due as of 12/11/2019** | **0.00**

| Date | Transaction | Receipt | Party | Amount |
|------|-------------|---------|-------|--------|
| 07/08/2019 | Transaction Assessment | | | 20.00 |
| 07/08/2019 | Payment Received By Mail | Receipt # CC-2019-8922 | Hann, Gary | (20.00) |
| 08/14/2019 | Transaction Assessment | | | 20.00 |
| 08/14/2019 | Payment Received By Mail | Receipt # CC-2019-10818 | Hann, Gary | (20.00) |

12/11/2019, 8:54 AM

**STATE OF MICHIGAN**

**IN THE BUSINESS COURT FOR THE COUNTY OF WASHTENAW**

B

EQUITY TRUST CO. CUSTODIAN FBO
GARY S. HANN IRA, BY RELATOR
GARY S. HANN and GARY S. HANN, an
individual,

CASE NO. 15-687-CB

HON. ARCHIE C. BROWN

PLAINTIFF,

v

BABALAO INVESTORS, LLC, a Michigan
Limited Liability Company, FRANCIS P.
SAKAYA,

This is a final order which resolves all
pending claims and closes the case
pursuant to MCR 2.602 (A) (3)
as to Gary Hann

DEFENDANTS,

/

ATTORNEY FOR PLAINTIFF:
Gary S. Hann, in pro per
PO Box 711
Cathedral City, CA 92235-0711
(734) 480-4140
yragnnah@gmail.com

ATTORNEY FOR DEFENDANTS:
COLLIS & GRIFFOR, PC
BY:    STUART M. COLLIS (P49530)
1851 Washtenaw Ave
Ypsilanti, MI  48197
(734) 827-1337

/

## ORDER GRANTING DEFAULT JUDGMENT AGAINST GARY HANN AND SCHEDULING TRIAL ON DAMAGES REGARDING EQUITY TRUST CO. CUSTODIAN FBO GARY S. HANN IRA

At a session of court held on
**JUN 24 2019**
Present: Honorable Archie C. Brown

For the reasons stated on the record at the scheduled trial on June 24, 2019 and otherwise being informed in the premises:

IT IS HEREBY ORDERED THAT Defendants are granted a default judgment against the Plaintiff Gary Hann in the amount of $7,230.50 on the counts for Intentional Interference with a Business Relationship and Slander of Title. Broken down, as stated on the record, this

amount represents $53.50 in insurance, $2,697.00 regarding Karen Webster, $1930.00 regarding Jacob Lighten, $750.00 regarding Denise Smith, and $1800.00 in taxes paid.

IT IS FURTHER ORDERED THAT Defendants may tax costs and attorney fees in accordance with MCR 2.625.

IT IS FURTHER ORDERED THAT the hearing/trial on damages on Equity Trust Co., Custodian FBO Gary S. Hann IRA shall commence on September 16, 2019 at 9:00 a.m. and continue throughout the week, as needed. It is anticipated that the hearing/trial will start on Monday, go all day and then all day on Tuesday, if needed; Wednesday morning, if needed; Thursday morning, if needed; and Friday all day, if needed.

IT IS FURTHER ORDERED THAT all other orders not inconsistent with this order remain in full force and effect.

/S/ ARCHIE C. BROWN
Honorable Archie C. Brown

Drafted by:

Stuart M. Collis (P49530)
Attorney for Defendants/Counter-Plaintiffs

Approved, SCAO

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 22nd    JUDICIAL DISTRICT    JUDICIAL CIRCUIT | TAXATION OF COSTS | 15-687-CB |

**Court address**

101 E. Huron St., P.O. Box 8645, Ann Arbor, MI 48107

7342223001

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| Equity Trust Co. Custodian FBO Gary S. Hann IRA, by Realtor Gary S. Hann and Gary S. Hann c/o Gary S. Hann | v | Bababuo Investors, LLC, a Michigan Limited Liability Company, Francis P. Sakaya, et. al. c/o Attorney |

| Plaintiff's attorney, bar no., address, and telephone no. | Defendant's attorney, bar no., address, and telephone no. |
|---|---|
| Gary S. Hann    P.O. Box 711    Cathedral City, CA 92235    (734) 480-4140 | Stuart M. Collis                        P49530    1851 Washtenaw Rd.    Ypsilanti, MI 48197    (734) 827-1337 |

## BILL OF COSTS

| | | | | |
|---|---|---|---|---|
| 1. Proceeding before trial | $240.00 | 10. Clerk fee | $150.00 |
| 2. Motion resulting in dismissal (or judgment) | $40.00 | 11. Service fees, mileage, etc. | $66.94 |
| 3. Trial of action (or proceeding) | $ | 12. Cost of taking depositions | $ |
| 4. Judgment taken by default | $150.00 | 13. Cost of cert. copies and exemplifications | $25.00 |
| 5. Entry fee | $ | 14. Witness fees (see affidavit on reverse) | $ |
| 6. Jury fee | $ | 15. Statutory attorney fees | $150.00 |
| 7. Court reporter/recorder fee | $ | 16. Mediation sanctions, MCR 2.403(O) | $ |
| 8. Judgment fee | $ | 17. Other: see affidavit of attorney fees and costs | $46,838.74 |
| 9. Trial fee | $ | | |

**TOTAL BILL OF COSTS:** $47,660.68

A list of the names and addresses of the attorneys for each party or the names and addresses of parties not represented by attorneys is on the reverse side.

## VERIFICATION

The items charged in this bill are correct and were necessarily incurred in this action. The services for which fees are charged were actually performed.

07/22/2019
Date

Signature

## CERTIFICATE OF MAILING

I certify that on this date I served a copy of the bill of costs, as taxed by me, on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

7/22/19
Date

Signature

MC 24  (3/10)  **TAXATION OF COSTS**

MCR 2.625

 

# UNITED STATES BANKRUPTCY COURT
## Central District of California

I hereby attest and certify that on _____*July 8, 2019*_____ the attached reproduction(s),

containing __*3*____ pages, is a full, true and correct copy of the complete document

entitled: ___*ORDER GRANTING IN PART DEBTOR'S MOTION TO AVOID LIEN*___

___*UNDER 11 U.S.C. SECTION 522(f) (REAL PROPERTY)*___

Case #: __*6:14-bk-22067-MW*___   Doc #: __*103*___

which includes: ☐ Exhibits  ☒ Attachments

on file in my office and in my legal custody at the marked location:

☐ 255 E. Temple Street, Suite 100
Los Angeles, CA 90012

☒ 3420 Twelfth Street, Suite 125
Riverside, CA 92501-3819

☐ 411 West 4th Street, Suite 2074
Santa Ana, CA 92701-4593

☐ 1415 State Street
Santa Barbara, CA 93101-2511

☐ 21041 Burbank Boulevard
Woodland Hills, CA 91367

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
Deputy Clerk

**THIS _CERTIFICATION_ IS VALID ONLY WITH THE
UNITED STATES BANKRUPTCY COURT SEAL.**

*Revised August 2010*

| Chambers generated Order | FOR COURT USE ONLY |
|---|---|
| | **FILED & ENTERED**<br><br>JUL 03 2019<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY craig      DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

In re:

Gary S. Hann

CASE NUMBER: 6:14-bk-22067-MW

CHAPTER: 7

**ORDER ☒ GRANTING IN PART ☐ DENYING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C.§ 522(f) (REAL PROPERTY)**

☒ No hearing held
☐ Hearing held
DATE:
TIME:
COURTROOM:
ADDRESS:

[LBR 9013-1(o); Related to Docket No. 87]

Debtor(s)

**Creditor Holding Lien to be Avoided** (*name*): Francis P. Sakaya and Babalao Investors, LLC

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt. The court finds and orders as follows:

1.  ☐  Notice of this Motion complied with LBR 9013-1(d).

2.  ☒  Notice of this Motion complied with LBR 9013-1(o).

    a.  ☒  There was no opposition and request for hearing.

    b.  ☐  Hearing requested and held as indicated in the caption

---

"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.
"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3.  ☒  Motion granted as set forth in the **Attachment** to this order.

4.  ☐  Motion denied on the following grounds    ☐ with prejudice  ☐ without prejudice

    a    ☐  Insufficient notice

    b    ☐  Insufficient evidence of the exempt status of the property in question

    c    ☐  Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).

    d.   ☐  Insufficient evidence of fair market value.

    e    ☐  Motion is incomplete.

    f.   ☐  Other (*specify*):

5.  ☐  The court further orders as follows (*specify*):

        ☐  See attached page

                        ###

Date: July 3, 2019

Mark S. Wallace
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 2                    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

# ATTACHMENT TO MOTION/ORDER
## (11 U.S.C. § 522(f): AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS)

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer:** Francis P. Sakaya and Babalao Investors, LLC

2. **Subject Lien:** Date (*specify*): January 16, 2013 and place (*specify*): Washtenaw County, Michigan of recordation of lien; Recorder's instrument number or document recording number:

3. **Collateral:** Street address, legal description and/or map/book/page number, including county of recording: Debtor's Roth IRA, which is the owner of real property commonly known as 709 Dorset, Ypsilanti Township, MI 48198 Legal Description: Lot 207 of South Devonshire No. 1, according to the plat thereof as recorded in Liber 8 of Plats, Page 8 Washtenaw County Records [Assessor's Tax ID No. K-11-11-381-001]

4. **Secured Claim Amount** ☐ See attached page.

   a. Value of Collateral ........................................................................... $80,000.00
   b. Amounts of Senior Liens (reducing equity in the property to which the Subject Lien can attach):
      (1) First lien: .................................................... ($_____)
      (2) Second lien: ............................................... ($_____)
      (3) Third lien: .................................................. ($_____)
      (4) Additional senior liens (*attach list*): ........... ($_____)
   c. Amount of Debtor's exemption(s): ............................. ($80,000.00)
   d. Subtotal: ............................................................................................. ($80,000.00)
   e. Secured Claim Amount (negative results should be listed as -$0-): $     -0-

   Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid *pro rata* with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5. **Lien avoidance:** Debtor's request to avoid the Subject Lien is granted as follows. The fixing of the Subject Lien impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b). The Subject Lien is not a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations). The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

☐ See attached page(s) for more liens/provisions.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Subject:** Demand for Compliance with Federal Bankruptcy Judge's Certified Orders
**From:** gsh <syragnnah@gmail.com>
**Date:** 8/29/2019, 9:26 AM
**To:** Keri Fink <Keri.Fink@finkandfink.com>, "James A. Fink" <James.Fink@finkandfink.com>, Laura Goderis <goderis@washtenaw.org>, Stuart Collis <scollis@collisandgriffor.com>, "Francis P. Sakaya & Babalar Investors LLC" <babalar.investors@gmail.com>, brickhaven Condominium Association c/o Old Town Realty <oldtown.az@gmail.com>, gsh <syragnnah@gmail.com>

To All;

This is a demand to comply with the attached orders of the Central District of California Bankruptcy Court, entered July 3, 2019.

Please forward immediately to my Roth Individual Retirement Account, Equity Trust Co. Custodian FBO Gary S. Hann IRA, the properties or their current cash value, rents plus compounded interest since my bankruptcy filing on September 27, 2014, plus all my costs.

Previous demands have been made and ignored, it might be wise to comply expeditiously with the federal judge.

--

**Gary Hann 734-480-4140**

— Attachments —

| | |
|---|---|
| Certified Order - Docket 102 - Brickhaven - 2019-07-03.pdf | 1.6 MB |
| Certified Order - Docket 103 - Sakaya - 2019-07-03.pdf | 1.6 MB |
| Certified Order - Docket 100 - Simpson - 2019-07-03.pdf | 1.6 MB |
| Certified Order - Docket 101 - Simpson - 2019-07-03.pdf | 1.5 MB |



1 of 1

9/8/2019, 9:38 PM

Re: Demand for Compliance with Federal Ba... ...sers/gsh3/Documents/Word/Legal Actions/Califo...

**Subject:** Re: Demand for Compliance with Federal Bankruptcy Judge's Certified Orders
**From:** Stuart Collis <scollis@collisandgriffor.com>
**Date:** 8/29/2019, 10:11 AM
**To:** gsh <yragnnah@gmail.com>
**CC:** Karl Fink <Karl.Fink@finkandfink.com>, "James A. Fink" <James.Fink@finkandfink.com>,
Laura Goderis <goderis@washtenaw.org>, "Francis H. Sakaya & Pahalat Investors LLC"
<pahalatinvestors@gmail.com>, "Brinkhaven Condominium Association c/o Old Town Realty"
<oldtown.a2@gmail.com>, Andrew Benlis <abenlis@collisandgriffor.com>, Beverly Griffor
<bgriffor@collisandgriffor.com>

Mr. Hann -

We appreciate your orders. However, it is our position that these are inapplicable orders or are
invalid. You knew that Mr. Sakaya had counsel and you did not serve counsel, i.e. us. Furthermore,
one of your orders seems to invalidate any liens on the property at issue in our case. That would
make your lis pendens on the subject property invalid and you are in violation of the bankruptcy
court order. I would suggest you remove it immediately to comply with the Bankruptcy Court's
order and Judge Brown's order which has caused you to be held in civil contempt several times
already. This will be our last communication regarding your baseless threats.

**Stuart M. Collis, Esq.**
Senior Partner

Collis & Griffor, PC
1851 Washtenaw
Ypsilanti, MI 48197
(734) 827.1337 - phone
(866) 827.1738 - fax
www.collisandgriffor.com



On Thu, Aug 29, 2019 at 12:26 PM gsh <yragnnah@gmail.com> wrote:

To All;

This is a demand to comply with the attached orders of the Central District of California
Bankruptcy Court, entered July 3, 2019.

Please forward immediately to my Roth Individual Retirement Account, Equity Trust Co.
Custodian FBO Gary S. Hann IRA, the properties or their current cash value, rents plus
compounded interest since my bankruptcy filing on September 27, 2014, plus all my costs.

Previous demands have been made and ignored, it might be wise to comply expeditiously with
the federal judge.

--

**Gary Hann 734-480-4140**

1 of 1

9/8/2019, 9:29 PM